De Hart *v.* The Board of Commissioners of Johnson County.

Filed January 21, 1896.

---

No. 17,601.

### DE HART *v.* THE BOARD OF COMMISSIONERS OF JOHNSON COUNTY.

REPORTER'S LONGHAND MANUSCRIPT OF EVIDENCE.—*Filing.—Incorporating in Bill of Exceptions. — Appellate Procedure.* — The requirement of section 1476, R. S. 1894, that it must appear that the longhand manuscript was filed in the clerk's office before it was incorporated in the bill of exceptions, must be complied with to entitle the evidence to consideration.

BILL OF EXCEPTIONS.—*Filing.—Record.*—A bill of exceptions must be filed in the office of the clerk below before it can become a part of the record on appeal, under section 641, R. S. 1894.

SAME.—*Certification by Clerk.—Appellate Procedure.*—A purported bill of exceptions cannot be considered by the Supreme Court where it is not certified to be, or identified as, the bill of exceptions, by the clerk of the trial court.

SAME.—*When not in Record.—Not Incorporated in Transcript.—Attached to Transcript.*—A bill of exceptions cannot be considered by the Supreme Court, where it is not incorporated in the transcript, but is merely attached to the transcript after the clerk's certificate and after the assignment of errors.

INSTRUCTIONS TO JURY.—*Evidence not in Record.—Appellate Procedure.*—An instruction will be considered as correct upon appeal in the absence of the evidence, unless it would be erroneous on any state of facts admissible under the issues.

| | |
|---|---|
| 143 | 363 |
| 144 | 149 |
| 145 | 182 |
| 145 | 651 |
| 145 | 676 |
| 146 | 201 |
| 146 | 234 |
| 146 | 257 |
| 146 | 582 |
| 147 | 231 |
| 147 | 517 |
| 143 | 363 |
| 148 | 69 |
| 148 | 175 |
| 148 | 176 |
| 149 | 112 |
| 143 | 363 |
| e159 | 491 |
| 143 | 363 |
| f 161 | 371 |
| 143 | 363 |
| 171 | 295 |

De Hart *v.* The Board of Commissioners of Johnson County.

SAME.—*Burden of Proof.*—An instruction that it devolves on plaintiff to prove all the material facts in the complaint by a preponderance of the evidence is proper.

From the Bartholomew Circuit Court.

*M. L. Herbert* and *Hacker & Remy,* for appellant:

*T. W. Woollen,* for appellee.

McCABE, J.—The appellant sued the appellee in the Johnson Circuit Court to recover damages for personal injuries alleged to have been received by her, the proximate cause of which she alleged was the negligence of the appellee in leaving unguarded by railing an approach to a county bridge in said Johnson county.

The venue of the cause was changed to the Bartholomew Circuit Court, where a trial of the issues joined resulted in a verdict and judgment for the defendant over plaintiff's motion for a new trial.

The only question presented by the assignment of error arises out of the action of the trial court in overruling the plaintiff's motion for a new trial. The errors complained of in the motion for a new trial are the giving and refusal of the court to give certain instructions, the admission of certain evidence, that the verdict was contrary to law and the evidence.

To determine most of the questions thus raised, it is essential that we have the evidence before us.

There is attached to the transcript what purports to be a bill of exceptions properly signed by the trial judge incorporating into said bill what purports to be the original longhand manuscript of the evidence. But there are several reasons why it is not, and cannot be considered a part of the record: 1. There is no statement anywhere in the transcript that the bill of exceptions was ever filed in the clerk's office. This is required

to be done before it can become a part of the record. R. S. 1894, section 641; R. S. 1881, section 629; *Shulse* v. *McWilliams*, 104 Ind. 512; *Loy* v. *Loy*, 90 Ind. 404; *Stewart* v. *State*, 113 Ind. 505; *Downey* v. *Head*, 138 Ind. 503; *Board, etc.,* v. *Huffman, Admr.*, 134 Ind. 1; *Guirl* v. *Gillett*, 124 Ind. 501; *Shewalter* v. *Bergman*, 132 Ind. 556; *Pittsburgh, etc., R. W. Co.* v. *O'Brien*, 142 Ind. 218.

2.   There is nothing to show that the longhand manuscript was ever filed in the clerk's office before it was incorporated into the bill of exceptions.

This the statute requires to be done. R. S. 1894, section 1476; R. S. 1881, section 1410.

This statutory requirement has an important significance, because the same section authorizes and requires the clerk when it has been so filed "to certify the said original manuscript of evidence when the same shall have been incorporated in a bill of exceptions, to the supreme court or other court of appeal, instead of a transcript thereof." It is a general principle of law that public records must be identified and authenticated by the keeper and legal custodian thereof. *Painter* v. *Hall*, 75 Ind. 208; 20 Am. and Eng. Ency. of Law 514, 515, and authorities there cited. Unless the longhand manuscript has been filed in the cause with the clerk before it is incorporated into the bill of exceptions, he cannot certify the original thereof to this court, and identify and authenticate it as the statute cited requires, because he has not been made the legal keeper or custodian of the original longhand manuscript as such, but has been made the custodian of the bill of exceptions incorporating it. And the original of that document, the statute as a general thing does not authorize him to certify to this court.

3.   And what purports to be the bill of exceptions in

the case before us is not incorporated into the transcript, but is attached to the transcript after the clerk's certificate, and after the assignment of errors, nor is it certified to be, nor identical as, the bill of exceptions by the clerk of the trial court. Any one of these reasons is sufficient to prevent it being considered as a part of the record.

The evidence not being in the record, we must presume that the instructions asked were refused, because they were not applicable to the case made by the evidence. *Jenkins* v. *Wilson*, 140 Ind. 544, and authorities there cited ; *Holland* v. *State*, 131 Ind. 568 ; *State* v. *Beackmo*, 8 Blackf. 246 ; *Ruffing* v. *Tilton*, 12 Ind. 259 ; *Jeffersonville, etc., R. R. Co.* v. *Cox*, 37 Ind. 325 ; *Blizzard* v. *Bross*, 56 Ind. 74 ; *Stout* v. *Turner*, 102 Ind. 418 ; *Baltimore, etc., R. R. Co.* v. *Rowan*, 104 Ind. 88.

The court gave twenty-three instructions, to the giving of twenty-two of which exception was taken. The first one told the jury that "it devolves on the plaintiff to prove all the material facts in the complaint by a preponderance of the evidence ; and if she fails to do so you should find for the defendant."

In support of the objection to this instruction, we are cited to *Long* v. *Doxey*, 50 Ind. 385. The instruction there condemned told the jury in effect, that they must find for the defendant if the plaintiff had failed to establish all the facts alleged in the complaint. That is a very different thing from requiring the plaintiff to prove all the material facts alleged in the complaint.

In *Salem Stone and Lime Co.* v. *Griffin*, 139 Ind. 141, at page 147, speaking of a similar objection to an instruction this court said : "Other charges stating the theory of the action, the burden of proof, and the

requirement that less than all the facts pleaded by the plaintiff would not support a recovery were given, and, when considered in connection with that to which exception is taken, presented the question fairly that upon the whole case a preponderance of the evidence must be found in favor of the material facts of the complaint before a verdict for the plaintiff could stand."

That decision is exactly applicable to, and decisive of, the objection to the instruction now before us.

We have examined all the other instructions objected to and find that many of them in the abstract are fully as favorable to the appellant, if not more so, than she had a right to demand.

When the evidence is not in the record, instructions given by the court cannot be regarded as erroneous if they can be considered correct upon any state of facts admissible under the issues. *Hilker, Admx.,* v. *Kelley,* 130 Ind. 356 (15 L. R. A. 622); *Joseph* v. *Mather,* 110 Ind. 114; *Weir, etc., Co.* v. *Walmsley,* 110 Ind. 242; *Rapp* v. *Kester,* 125 Ind. 79, and cases cited in each; *Abrams* v. *Smith,* 8 Blackf. 95; *Murray* v. *Fry,* 6 Ind. 371; *Ruffing* v. *Tilton, supra;* *List* v. *Kortepeter,* 26 Ind. 27; *State* v. *Frazer,* 28 Ind. 196; *Columbus, etc., R. W. Co.* v. *Powell, Admr.,* 40 Ind. 37; *Keating* v. *State, ex rel.,* 44 Ind. 449; *Aurora Fire Ins. Co.* v. *Johnson,* 46 Ind. 315; *Higbee* v. *Moore,* 66 Ind. 263; *Elkhart, etc., Assn.* v. *Houghton,* 103 Ind. 286; *Baltimore, etc., R. R. Co.* v. *Rowan, supra.*

There are none of the other instructions that would be erroneous under any State of facts admissible under the issues. The evidence not being in the record, the admission of evidence complained of is not before us, nor is the question whether the verdict is contrary to the law or the evidence presented. The errors complained

of not being shown by the record, the judgment is affirmed.

Filed November 1, 1895; petition for rehearing overruled January 21, 1896.