## South Chicago City Railway Company *v.* Zerler.

[No. 3,544.   Filed December 10, 1902.   Rehearing denied March 20, 1903.   Transfer denied October 15, 1903.]

Negligence.—*Complaint.*—A complaint for personal injuries will not be held insufficient because the act of negligence was charged in general terms, where no motion was made to make more specific. *pp. 489, 490.*

Appeal and Error.—*Evidence.—Instructions.—Bill of Exceptions.*—The original manuscript of the evidence and the instructions can not be brought up by one bill of exceptions. *pp. 490–492.*

Same.—*Instructions.—Where Evidence Not in Record.*—In the absence of the evidence, a cause will not be reversed because of the alleged error of court in giving certain instructions and in refusing to give certain instructions, where the instructions given were correct as mere abstract propositions of law; since the court can not say, in the absence of the evidence, that the instructions given were not applicable to the case or that those refused were applicable. *p. 493.*

From Laporte Superior Court; *H. B. Tuthill*, Judge.

Action by Charles Zerler, Sr., against the South Chicago City Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Peter Crumpacker* and *J. D. Moran*, for appellant.
*A. F. Knotts* and *J. F. Gallaher*, for appellee.

Robinson, J.—The complaint avers that appellee's wife was a passenger on one of appellant's cars, and desired to alight at a regular stopping place, which fact was known to appellant's servants in charge of the car; "that just as said Wilhelmina Zerler, plaintiff's wife, was attempting to alight, and before she was enabled to do so, the said defendant, by and through its agents and officials and employes, without any fault or carelessness on the part of the plaintiff or his said wife, carelessly and negligently started said car with a quick and rapid jerk and movement of said car; that said Wilhelmina Zerler, this plaintiff's wife, was then and there, without any fault or carelessness or negligence on her part or on the part of the plaintiff, and through the carelessness and negligence and fault of the defendant, its agents and employes, in and by reason of said careless and negligent starting, with a quick and sudden jerk its said car, then and there threw the said Wilhelmina Zerler, plaintiff's wife, from its said car violently to the ground and street, and then and there carelessly and negligently, and without any fault or carelessness or negligence on the part of the plaintiff or on the part of his said wife, Wilhelmina Zerler, threw, thrust, and propelled the said Wilhelmina Zerler, plaintiff's wife, from its said car and to the ground as aforesaid, and then and there carelessly and negligently, and without any fault or carelessness or negligence on the part of the plaintiff or his said wife," injured her.

Appellant has assigned as errors, overruling the demurrer to the complaint, and overruling the motion for a new trial.

It is quite true that the facts stated in a complaint must be stated with certainty, and in an action for negligence the negligent act must be stated in such terms as show it to have been the efficient cause of the injury complained of. While the selection of the terms used in the complaint might be open to some objection, yet, applying the

general rule that a pleading must be taken as a whole, and construed according to its general scope and tenor, we think it sufficiently appears that the appellant is charged with having carelessly and negligently started its car with a sudden jerk while the passenger was alighting from the car, which threw her to the ground and injured her. The charge is made in general terms, but, if so desired to have the charge made more specific, a motion to that effect should have been made. *Louisville, etc., R. Co.* v. *Jones,* 108 Ind. 551; *Byard* v. *Harkrider,* 108 Ind. 376; *Pittsburgh, etc., R. Co.* v. *Kitley,* 118 Ind. 152.

It is also argued that error was committed by the trial court in re-reading to the jury a portion of the instructions, but, as this action of the court has not been brought up by any bill of exceptions, no question is presented.

The remaining questions argued are not presented, if, as insisted by counsel for appellee, the evidence is not in the record. Appellant's motion for a new trial was overruled December 7, 1899, and ninety days' time given appellant to file its bill of exceptions. On May 7, 1900, the following entry appears: "Now comes the defendant, by counsel, and files its bill of exceptions herein, in these words." Then follows what purports to be a longhand manuscript of the evidence, and a certificate of the reporter. Following this is the clerk's certificate, without any seal, that "the above longhand transcript" of the evidence was filed in his office prior to the presentation of the bill of exceptions to the judge on February 13, 1900. Immediately following is this recital: "And thereupon, after all the evidence had been given and introduced by the respective parties in said cause, the defendant tendered to the court its written instructions numbered one, two, three, four, five, six, seven, eight, nine, ten, eleven, twelve, and thirteen, and asked the court to give the same, and each separate instruction thereof, at the proper time to the jury, but the court refused to give said instructions, or any of

them, to which refusal as to each and every of said written instructions the defendant separately and severally at the time excepted, and said instructions so refused were thereupon filed in the cause, and are as follows, to wit." These instructions, with exceptions to the refusal to give them, are set out; also two instructions requested which were modified and given. Following these are the instructions given by the court, and exceptions. Then follows this certificate, signed by the judge: "And now upon this 13th day of February, 1900, comes the defendant herein, and presents this, its bill of exceptions, and prays that the same may be signed, sealed, and made a part of the record in the above entitled cause; but the court not having sufficient time to examine said bill of exceptions, now takes the same under advisement." This is followed by: "And again, upon this, the 5th day of April, 1900, comes the defendant in the above-entitled cause, and presents this, its bill of exceptions in said cause; and the court, having examined the same, now signs, seals, and makes said bill of exceptions a part of the record herein, and hereby certifies that the above and foregoing transcript of the evidence in said cause is correct, and contains all of the evidence given upon the trial of said cause. Given under my hand and seal this 5th day of April, 1900." These two certificates appear to have been copied into the transcript. The certificate of the clerk follows, in which he certifies "that the above and foregoing transcript contains full, true, and complete copies of all the papers and order-book entries and the judgment in said cause, as the same appears of record and on file in my office. I further certify that on the 13th day of February, 1900, Ernest L. Shortridge, the official shorthand reporter who took down the evidence in said cause, filed in my office his longhand transcript thereof, which is the same transcript of the evidence incorporated in the bill of exceptions and made part of the foregoing transcript, and that said bill of exceptions was

signed by the Hon. Harry B. Tuthill, judge of said court, on the 5th day of April, 1900, and verified in my office on the 7th day of May, 1900. In witness whereof," etc.

It is apparent from the record that the bill of exceptions in the transcript is a copy of the whole original bill of exceptions, except the manuscript of the evidence is the original manuscript. It seems that the evidence and the instructions were all put into one original bill of exceptions; that the manuscript of the evidence was taken from this bill and inserted in the transcript, the instructions and all the rest of the original bill being copied. This is so stated in appellant's brief. The clerk's certificate shows that the manuscript of the evidence in the transcript is the original manuscript, and not a copy. To bring instructions into the record by a bill of exceptions, the whole original bill containing the instructions must be copied into the transcript. But to bring the original longhand manuscript of the evidence into the record without copying the evidence, the whole original bill of exceptions embracing the evidence must be put into the transcript. The judge's original certificate is as much a part of such an original bill of exceptions as is the original manuscript of the evidence. It must necessarily follow that the original manuscript of the evidence and the instructions can not be brought up by one bill of exceptions. *Leach* v. *Mattix,* 149 Ind. 146. In the one case it is necessary to bring up the original certificate of the judge, which is an essential part of the original bill, and in the other it must be copied. The original manuscript of the evidence is not incorporated into a bill of exceptions until the judge has signed the bill, and caused it to be filed. It is this bill the clerk may certify to the appellate court, and not simply the longhand manuscript of the evidence. The statute (§638a Burns 1901) says it shall be sufficient if the transcript contain the original bill of exceptions, embracing all such evidence. "When it is thus incorporated into

a bill of exceptions," said the court in *Wagoner* v. *Wilson,* 108 Ind. 210, "signed and filed, it becomes the duty of the clerk, on request of the party entitled, to certify it to the appellate court, with the transcript of the record, without inserting anything, or otherwise changing it in respect to the matter contained in the bill." See *Weakley* v. *Wolf,* 148 Ind. 208; *Koontz* v. *Hammond,* 21 Ind. App. 76; *City of Decatur* v. *Stoops,* 21 Ind. App. 397. The evidence is not in the record.

As everything in the bill of exceptions, except the evidence, seems to have been copied into the transcript, the bill is sufficient to bring the instructions into the record. But in the absence of the evidence we can not say that the court erred in giving or in refusing to give instructions. An examination of the instructions given does not disclose that any of them are erroneous, as mere abstract propositions of law, and without the evidence we can not say that they were not applicable to the case made by the evidence. And in the absence of the evidence we must conclude, although an instruction asked for stated the law correctly, that it was refused because it was not applicable to the case made by the evidence.

Judgment affirmed.