## MACE v. CLARK.

[No. 6,261.    Filed November 17, 1908.]

1. TRIAL.—*Instructions.*—*How Made Part of Record.*—*Appeal.*—Instructions unsigned by party or counsel, which are tendered and refused, the entry in the record on appeal being "above instructions refused and, exceptions by defendant," are not in the record.    p. 507.

2. **TRIAL.** — *Instructions.* — *Evidence Not in Record.* — *Appeal.* — Where the evidence is not in the record on appeal, the presumption is that instructions refused were not applicable to the evidence. p. 508.

From Huntington Circuit Court; *James C. Branyan,* Judge.

Action by George W. Clark against George W. Mace. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*C. W. Watkins* and *Eberhart & Sees,* for appellant.
*Lesh & Lesh* and *John S. Branyan,* for appellee.

WATSON, J.—This action was begun before a justice of the peace in Huntington county, a change of venue granted and trial had, upon a claim of appellee against appellant for services rendered. A bill of particulars was filed by which it was claimed there was due $125.90. The justice trying the cause gave appellee judgment for $112.45, from which he appealed to the Huntington Circuit Court, where a trial was had before a jury which resulted in a verdict and judgment for appellee in the sum of $125.90.

Appellant's motion for new trial was overruled, and the cause appealed to this court. The error assigned is the overruling of the motion for a new trial.

Instructions one and two, tendered by appellant and requested to be given, were refused, and these rulings are the only reasons assigned in the motion for new trial, and urged for the reversal thereof on appeal.

At the very threshold we are met by objections to the consideration of these instructions, for the reason that they are not in the record. The statute is plain, and provides how instructions and the exceptions thereto shall be made part of the record. And to do so, the statute must be substantially complied with. §561 Burns 1908, Acts 1907, p. 652; *Baker* v. *Gowland* (1906), 37 Ind. App. 364. The bill does not show that the instructions were signed either by the party or his attorney. The only thing it

does show is the following: "Above instructions refused and exceptions by defendant." Section 561, *supra*, provides: "That all instructions requested shall be plainly written and numbered consecutively and signed by the party or his counsel."

The evidence is not in the record. We would not, therefore, be warranted in saying that the trial court erred in refusing these instructions, even though they be properly in the record and correctly state the law, because the presumption is that they were not applicable under the evidence. *South Chicago City R. Co.* v. *Zerler* (1903), 31 Ind. App. 488; *South Bend, etc., Plow Co.* v. *Geidie* (1900), 24 Ind. App. 673, and cases cited; *Fifth Ave. Sav. Bank* v. *Cooper* (1898), 19 Ind. App. 13; *DeHart* v. *Board, etc.* (1896), 143 Ind. 363; *Holland* v. *State* (1892), 131 Ind. 568; *Shafer* v. *Stinson* (1881), 76 Ind. 374; *State* v. *Beackmo* (1846), 8 Blackf. 246.

There is no reversible error. The judgment is, therefore, affirmed.