## DECKER ET AL. *v.* YOHE.

[No. 21,903. Filed February 14, 1913.]

1. PLEADING.—*Complaint.*—*Demurrer.*—A complaint to quiet title to a gas well and to enjoin defendants from interfering with plaintiff's use of gas from the well, which states facts entitling plaintiff to injunctive relief, is sufficient to withstand a demurrer, since a complaint stating facts sufficient to entitle plaintiff to any relief is good against a demurrer. p. 245.

2. MINES AND MINERALS.—*Gas Wells.*—*Grant.*—*Rights of Parties.* —*Findings.*—*Conclusions of Law.*—*Motion to Modify Judgment.* —In an action to quiet title to a gas well and to enjoin defendants from interfering with plaintiff's use of gas from the well, where the facts specially found show that plaintiff's grantor had conveyed to a light and power company a piece of land 20 feet square in part consideration that the company should drill a gas well thereon and furnish gas for domestic use on the farm as long as the well produced gas, that by mutual consent the company afterwards drilled a well on the farm outside such tract, and thereafter fitted the dwelling house for gas and supplied gas thereto free of charge until it quit the business of supplying gas, which was long after plaintiff had acquired the farm, and that thereafter the company's successors, the defendants, refused to continue furnishing gas to plaintiff, and are threatening to disconnect a pipe line leading from the well to plaintiff's house, there was no error in the conclusion of law that defendants own the well and that plaintiff is entitled to gas therefrom as long as gas may be taken from it, nor in overruling a motion to modify the judgment rendered on such conclusions, that defendants are entitled to take gas flowing from the well as long as it may flow in quantities sufficient for use, and enjoining defendants from cutting off the supply to plaintiff so long as they continue to take gas from the well. p. 246.

3. APPEAL.—*Briefs.*—*Sufficiency.*—*Statement of Evidence.*—Where there is an entire failure in appellant's brief to set out the evidence in narrative form, as required by Rule 22 of the court, the sufficiency of the evidence to support the findings cannot be reviewed. p. 247.

From Tipton Circuit Court; *J. F. Elliott*, Judge.

Action by Marion W. Yohe against Columbus Decker and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Oglebay & Oglebay,* for appellants.

*Richard F. Broadbent* and *Gifford & Gifford,* for appellee.

MORRIS, J.—This action was instituted by appellee against appellants. The complaint is in four paragraphs. It is alleged in the fourth paragraph that on January 16, 1891, Mary L. Crubaugh was the owner in fee, of a farm, described as the east half of the northwest quarter of section 13, township 21, range 5, in Tipton County, and, on that day, her husband joining, she conveyed by deed to the Tipton Light Heat and Power Company a tract twenty feet square out of the northeast corner thereof; that the deed contained the following provision: "The grantors agree not to re-lease the remainder of the E. $\frac{1}{2}$ of N. W. $\frac{1}{4}$ of Sec. 13, Town. 21, Range 5 E., for oil or gas purposes"; that the deed was recorded in February, 1901; that the deed recites a consideration of $200, but no money consideration was in fact paid therefor, and the real consideration for the conveyance was that the grantee and its assigns should furnish said Mary L. Crubaugh and her grantees of the remainder of the 80 acre tract, natural gas, for domestic purposes, on said farm.

It is further alleged that shortly after the execution of the deed the company drilled a gas well on the farm, but located it eight or ten feet away from the tract twenty feet square; that the well produced large quantities of gas and continues so to do; that there is, and was when the deed was made, a dwelling house and barn situated on the farm about sixty rods from the well.

It is also averred that after executing the deed Mary L. Crubaugh fitted the dwelling for the use of natural gas for domestic purposes and the company thereupon constructed a service pipe line from the gas well to a point near the residence and connected the latter with the pipe line, and thereafter the company supplied the residence with gas without charge therefor as long as she owned the land.

It is further alleged that in April, 1904, Mrs. Crubaugh conveyed, by warranty deed, to appellee, the entire farm

except the tract twenty feet square, and appellee has since then been in full possession thereof, and the company continued supplying the farm residence with gas until September, 1906, when it conveyed to appellants the tract twenty feet square; that appellants at that time cut off the supply of gas, and deprived him of the use thereof for said residence, and he was compelled to use wood and coal for fuel for a period of about two months; that thereupon appellee constructed, over appellant's objections, a pipe line from the residence to the gas well, over his own land, and connected the well therewith, but appellants deny his right to make the connection, and to use gas from the well, and are threatening to disconnect his line from the well, unless he agrees to pay the market price for gas used. It is also alleged that the residence is not equipped for the use of any fuel except gas; that if he cannot be supplied with gas he will be compelled to use wood and coal for fuel, and that he cannot be compensated in damages for the loss of the supply of gas. Appellee prays that his title to the gas well be quieted and that appellants be enjoined from interfering with his use of gas from the well, and other proper relief.

Appellants' demurrer was overruled to the above paragraph of the complaint, and that ruling is claimed to be erroneous. A complaint which states facts sufficient

1. to entitle the plaintiff to any relief is sufficient to repel a demurrer. We think the facts averred entitled appellee to injunctive relief in regard to the supply of gas, and consequently the court did not err in overruling the demurrer. *Central Fuel Co.* v. *Wallace* (1910), 174 Ind. 721, 93 N. E. 65. Appellants' answer to the above paragraph of complaint consisted of a paragraph of general denial and other paragraphs in which, among other things it is alleged that when Mrs. Crubaugh executed the deed to the company for the tract twenty feet square, she was the owner in fee simple of the 80 acre farm and at said time there was a public highway forty feet wide, running along the north

line of the farm, which occupied a strip twenty feet wide off
of the entire north end thereof; that at the time the deed
was executed it was the intention of the grantor and grantee
that it should describe a tract twenty feet square in the
northeast corner of the land lying immediately south of the
highway, but by the mutual mistake of both parties and of
the scrivener who wrote the deed it was described as in the
northeast corner of the tract and wholly within the limits of
the highway; that the company took possession of the tract
intended to be conveyed and at great expense drilled a gas
well thereon, with the full knowledge and consent of the
grantor, and thereafter used the gas from the well to supply
its customers, and say that plaintiff is estopped from assert-
ing title to the land on which the well is located. Appellants
also filed a cross-complaint seeking to quiet title to the land
on which the gas well is situated.

There was a special finding of facts, and conclusions of
law were stated, to each of which appellants excepted. The
court found that Mrs. Crubaugh was the owner of
2. the 80 acre tract of land on January 16, 1891, and on
that day executed the deed to the company and that
a part of the consideration therefor was that the company
should drill a gas well on the tract conveyed and furnish gas
for domestic use on the farm as long as the well produced
gas; that by mutual consent of all parties the company after-
wards drilled a well at a point 20.92 feet west and 35 feet
south of the northeast corner of the 80 acre tract, and which
was south of the fence on the south side of the highway run-
ning east and west along the north end of the farm; that the
well when drilled, and continuously since, has furnished
large quantities of natural gas; that immediately after drill-
ing the well the company turned the gas into its mains; that
it piped and fitted Mrs. Crubaugh's dwelling for gas and con-
nected it by pipes with its mains, all without charge to her
and thereafter supplied gas to the residence free of charge so
long as she owned the land, and after it was sold to appellee

in April, 1904, it continued such supply, without charge, to appellee, until June 2, 1905, when the company quit the business of supplying gas; that in August, 1905, the company executed a deed to appellants for real estate which was described as in the deed from Mrs. Crubaugh to the gas company; that afterwards appellants supplied gas to appellee, without charge until November 2, 1905, when they disconnected appellee's residence from their main and refused to further furnish his residence with gas, and are denying his right to use gas from the well; that afterwards appellee constructed a pipe line from his residence to the gas well and connected the line and well, and appellants are threatening to disconnect the same. The court's conclusions of law were to the effect that appellants own the well but appellee is entitled to a supply of gas therefrom as long as gas may be taken from it. There was no reversible error in the court's conclusions of law.

It was adjudged that appellants were entitled to take gas flowing from the well as long as it may flow in quantities sufficient for use and appellants were enjoined from cutting off the supply to appellee's residence so long as they continue to take gas from the well. Appellants made a motion to modify the judgment, which was overruled. Without reciting the substance of the motion, it is sufficient to say that there was no error in the court's action.

Appellants' motion for a new trial was overruled. It is contended that this ruling was erroneous because the evidence is not sufficient to support the finding. Appellee asserts that appellants have waived a consideration of this question because in their brief no attempt was made to set out the evidence in narrative form as required by clause five of Rule 22 of this court. In their brief, under the heading of "The Evidence", appellants have set out certain facts which they assert were proven. Not a particle of the testimony of a single witness is set out, and the name of no witness is given. There is an entire failure to

comply with the above rule, and consequently this court cannot review the evidence to determine its sufficiency.

It is claimed that the court erred in overruling appellants' demurrers to the first, second and third paragraphs of complaint. In view of our conclusion reached on the fourth paragraph, it is unnecessary to consider these questions. There is no error in the record that would warrant a reversal and the judgment should be affirmed. It is suggested that since the submission of the cause, Joseph Fields, one of the appellants, and the appellee, have died, and the judgment is therefore affirmed as of the date of submission.

NOTE.—Reported in 100 N. E. 756. See, also, under (1) 31 Cyc. 288; (3) 2 Cyc. 1013. As to covenants that run with the land, see 82 Am. St. 664.