## LYONS ET AL. *v.* SOUDER ET AL.

[No. 8,344.    Filed June 5, 1914.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—No question on alleged error in overruling the motion for a new trial is presented where appellant wholly fails to comply with Rule 22 in setting out a statement of the evidence in his brief, and though such defect may sometimes be supplied by the statement in appellee's brief, the statement by appellee of only such portions of the evidence as supports his theory of the case will not render appellant's brief sufficient. p. 444.

2. APPEAL.—*Instructions.*—*Review.*—In the absence of the evidence, the court on appeal will presume in favor of the trial court's action, that instructions given correctly stated the law as pertinent to the evidence, and that those refused, if they stated the law correctly, were not applicable to the evidence. p. 445.

3.  APPEAL.—*Briefs.*—*Statement of Evidence.*—*Reply Briefs.*—The omission to state the evidence in appellant's brief is not cured by the statement thereof contained in the reply brief.  p. 445.

From Henry Circuit Court; *Ed. Jackson,* Judge.

Action by John R. Lyons and another against Bert Souder and another.  From a judgment for defendants, the plaintiffs appeal.  *Affirmed.*

*Brown & Beard* and *Bundy & Jones,* for appellants.
*Fred C. Gause* and *Forkner & Forkner,* for appellees.

SHEA, J.—Appellants brought this action against appellees to recover damages for alleged fraudulent representations in the sale of certain hogs at public auction by appellees.  A trial of the issues formed resulted in a verdict and judgment in favor of appellees.  The only error relied on for a reversal is the overruling of appellants' motion for a new trial, in support of which it is insisted:  (1) The verdict of the jury is not sustained by sufficient evidence;  (2) the verdict of the jury is contrary to law; (3) error of the court in giving and refusing to give certain instructions.

Appellees insist that no question is presented for our consideration for the reason that appellants have failed to set out in their brief any statement of the evidence as required by Rule 22 of this court.  It is urged by appellants that any error which appellees might predicate on such failure has been waived by their setting out the substance of the evidence sufficiently to enable the court to consider the questions involved.  Appellants in their brief make no attempt to set out in narrative form any part of the evidence in this case as required by Rule 22 of this court.  Appellees have set out portions of the evidence which support their theory of the case, but have not supplied the omission of appellants to the extent that we are able to determine the questions presented in appellants' brief.  *Dillon* v. *State* (1911), 48 Ind. App. 495, 96 N. E. 171, and authorities

cited; *Beck* v. *Goar* (1913), 180 Ind. 81, 100 N. E. 1; *Decker* v. *Yohe* (1913), 179 Ind. 243, 100 N. E. 756.

Objections are very strongly urged to the court's refusal to give instructions Nos. 2 and 4 tendered by appellants, also to the giving of instructions Nos. 1, 7 and 10 tendered by appellees, and No. 6 given by the court on its own motion. In the absence of the evidence, we can not say that error was committed by the court in giving the instructions objected to, or in refusing to give those tendered, as all presumptions are indulged in favor of the correct action of the trial court. *Mace* v. *Clark* (1908), 42 Ind. App. 506, 85 N. E. 1049; *South Chicago City R. Co.* v. *Zerler* (1903), 31 Ind. App. 488, 65 N. E. 599; *DeHart* v. *Board, etc.* (1896), 143 Ind. 363, 41 N. E. 825; *Fairbanks* v. *Warrum* (1914), *ante* 337, 104 N. E. 983. It is presumed that the instructions given correctly stated the law as pertinent to the evidence, and those refused, if they stated the law correctly, were not applicable to the evidence.

It is proper to say that the evidence is set out somewhat in detail in appellants' reply brief, but it has been held that this does not supply the omission in the original brief. *Fox* v. *Worm* (1914), 55 Ind. App. 516, 104 N. E. 93; *Albaugh Bros., etc. Co.* v. *Lynas* (1911), 47 Ind. App. 30, 93 N. E. 678; *Gates* v. *Baltimore, etc., R. Co.* (1900), 154 Ind. 338, 56 N. E. 722.

The judgment is therefore affirmed.

NOTE.—Reported in 105 N. E. 511. See, also, under (1) 2 Cyc. 1015; (2) 3 Cyc. 303.