## JOHNSON ET AL. *v.* BEBOUT ET AL.

[No. 8,616. Filed May 28, 1915.]

APPEAL.—*Questions Reviewable.—Briefs.*—Where appellants' brief does not disclose what the judgment or decree was, does not contain separately numbered propositions or points and authorities under each heading of error relied on, and, instead of a condensed recital of the evidence, sets out the conclusions of counsel as to what the evidence shows, there has been no proper compliance with the requirements of Rule 22, and nothing is presented for consideration.

From Rush Circuit Court; *John D. Megee,* Judge.

Action by Fred B. Johnson and another against Harter Bebout and another. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Young & Young,* for appellants.
*Smith, Cambern & Smith,* for appellees.

CALDWELL, J.—Appellees take the position that appellants' brief fails so materially to comply with the rules of this court that no question is presented for our consideration. An examination of the brief reveals that appellees are correct in such contention. The brief is materially defective in the following particulars: (1) It does not disclose what the judgment or the decree below was, as required by the third clause of Rule 22, or that a judgment or decree was rendered. (2) The brief does not contain "under a separate heading of each error relied on, separately num-

bered propositions or points, stated concisely and without argument or elaboration, together with the authorities relied on in support of them'', as required by the fifth clause of said rule. The only substitute offered for such requirement of the rule is that under the heading ''Substance of the Complaint'' and immediately following a statement of the complaint, there are set out certain unnumbered abstract legal propositions intermingled with conclusions deduced presumably from the evidence. (3) The questions attempted to be presented depend entirely on the evidence. The brief does not contain ''a condensed recital of the evidence in narrative form'' as required by said fifth clause of Rule 22. Under the head ''Argument of the Evidence'', the conclusions of counsel respecting the evidence in certain particulars are stated. The form adopted is to the effect that the evidence shows this fact and that fact to exist. The substance of the testimony of the witnesses or of any witness, or any document introduced in evidence or the substance thereof is not set out. Under such circumstances the authorities are multiple that nothing is presented for our consideration. See the following: *Cleveland, etc., R. Co.* v. *Hayes* (1914), 181 Ind. 87, 107, 102 N. E. 34, 103 N. E. 839; *Ireland* v. *Huffman* (1909), 172 Ind. 278, 88 N. E. 508; *Decker* v. *Yohe* (1913), 179 Ind. 243, 100 N. E. 756; *Cleveland, etc., R. Co.* v. *Bowen* (1913), 179 Ind. 142, 100 N. E. 465; *Welch* v. *State, ex rel.* (1905), 164 Ind. 104, 72 N. E. 1043; *Zink* v. *Zink* (1914), 56 Ind. App. 677, 106 N. E. 381.

Judgment affirmed

Note.—Reported in 108 N. E. 967. See, also 3 C. J. 1408; 2 Cyc. 1013.