## THE FORT WAYNE AND NORTHERN INDIANA TRACTION COMPANY ET AL. *v.* KUMB.

[No. 9,295.   Filed May 29, 1917.]

1. EXCEPTIONS, BILL OF.—*Filing.—Extension of Time.—Compliance with Statute.*—The provision of §661 Burns 1914, Acts 1911 p. 193, requiring that the opposite party shall be given at least three days' notice of a motion to extend time for filing a bill of exceptions, is not sufficiently complied with where the affidavit accompanying the application merely shows that appellee "had due and legal notice of the proposed filing of said petition," unaccompanied by a copy of the notice or any further showing of the service thereof, and a bill of exceptions filed within the time as extended on the granting of such motion is not a part of the record (*King-Crowther Corporation* v. *Ashcraft* [1915], 60 Ind. App. 412, explained). p. 534.

2. APPEAL.—*Questions Reviewable.—Record.—Failure to Incorporate Bill of Exceptions.*—Where the bill of exceptions containing the evidence is not in the record, grounds of a motion for a new trial challenging instructions and rulings, the correctness of which can only be determined by reference to the evidence, will not be reviewed on appeal. p. 536.

3. STREET RAILROADS.—*Injuries to Passengers.—Action.—Complaint.—Sufficiency.*—In a passenger's action against a street railroad company, a complaint containing proper averments of negligence and alleging that when plaintiff, a deaf mute, was about to alight from the car, she was directed by defendant's

motorman to leave by the front entrance instead of the rear, where passengers were customarily discharged, that, although the motorman knew that an automobile approaching the car at a rapid rate of speed would strike plaintiff if she was permitted to so alight, he failed to restrain her from stepping in front of the automobile, which struck and injured plaintiff, and that the accident would not have occurred had she been directed to leave the car from the rear door, sufficiently charges defendant company with negligence proximately causing the injury. pp. 537, 541.

4. PLEADING.—*Negligence.—General Allegation.*—In an action for personal injuries, a general allegation that plaintiff's injury was caused by defendant's negligence is sufficient, unless the specific facts pleaded are such as to destroy the effect of such general averments. p. 540.

5. PLEADING.—*Negligence.—General and Specific Allegations.—Construction.*—Specific facts pleaded will control and overthrow a general charge of negligence only when such specific facts necessitate an inference by all reasonable men inconsistent with the general charge. p. 540.

6. STREET RAILROADS.—*Injuries to Passengers.—Action.—Contributory Negligence.*—In an action for personal injuries, a complaint is not demurrable as showing plaintiff's contributory negligence, unless its averments are such as to leave it open to the one inference that plaintiff, when injured, was guilty of some act or conduct contributing thereto of which a reasonably prudent person would not have been guilty under like circumstances. p. 541.

7. STREET RAILROADS.—*Injuries to Passengers.—Action.—Complaint.—Sufficiency.—Contributory Negligence.*—In a passenger's action against a street railroad company for personal injuries, a complaint alleging that defendant's motorman directed plaintiff to leave the car by the front door instead of the rear, where passengers were customarily discharged, and that the motorman knowingly and negligently permitted plaintiff to so alight in front of an approaching automobile which struck and injured her, is not demurrable as showing contributory negligence on the part of plaintiff, although there are no averments that she looked for approaching vehicles when alighting from the car. p. 542.

8. APPEAL.—*Review.—Harmless Error.—Failure to Strike out Interrogatories.*—Appellant cannot predicate error on the trial court's ruling on its motion to strike out interrogatories, where appellee's judgment rests on the general verdict and the record discloses no motion for judgment on the interrogatories notwithstanding the general verdict. p. 542.

9. TRIAL.—*Special Interrogatories.*—*Submission to Court.*—*Statute.*—Interrogatories being authorized by §573 Burns 1914, §547 R. S. 1881, when proper and seasonably requested, should be submitted by the trial court, and the refusal to submit them may be reversible error.  p. 542.

10. APPEAL.—*Review.*—*Harmless Error.*—*Submission of Special Interrogatories.*—Even where interrogatories are improperly submitted over a motion to strike out, and a motion for judgment on the answers to interrogatories is made, the ruling on the motion will not necessarily present reversible error, since the court on appeal will consider only such facts as were elicited by proper interrogatories, and if the judgment below can be upheld by disregarding the answers to improper interrogatories, they will be disregarded, so that any possible harm resulting from their submission would be cured.  p. 543.

11. TRIAL.—*Instructions.*—*Rereading.*—In an action for personal injuries, where the jury, in returning its verdict, disregarded an instruction as to the apportionment of damages among defendants, it was proper for the court to reread such instruction before sending the jury back for further deliberation.  p. 544.

From Tippecanoe Superior Court; *Henry H. Vinton,* Judge.

Action by Marie Kumb against The Ft. Wayne and Northern Indiana Traction Company and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Will R. Wood, Alfred C. Evens, James M. Barrett, Samuel L. Morris* and *Edward G. Hoffman,* for appellants.

*Charles Valentine McAdams* and *Clyde Hugh Jones,* for appellee.

HOTTEL, C. J.—This is an appeal from a judgment in appellee's favor in an action brought by her against appellants to recover damages alleged to have been sustained by her while alighting from one of the cars of appellant traction company. The traction company alone appeals. The issues of fact were presented by a complaint in one paragraph and a general denial. A demurrer to the complaint was overruled and excep-

tions to such ruling saved by appellant. There was a trial by jury. Numerous interrogatories were submitted at the request of appellants and appellee respectively, which were answered and returned with the general verdict. The appellant filed a motion to strike out certain interrogatories tendered and requested by appellee, which motion was overruled and exceptions to such ruling saved. After the submission of the case to the jury it returned the following general verdict:

"We, the Jury, find for the plaintiff, against both of said Defendants, and assess her damages at Two Thousand Five Hundred Dollars ($2500.00), Five Hundred Dollars ($500.00) against Ray Ross and Two Thousand Dollars ($2000.00) against Defendant Street Car Co.

Joseph B. Jackson, Foreman."

Upon appellee's motion, this verdict was rejected by the court and the jury directed to return to the jury room for further deliberation, at which time, the court reread its instruction No. 25, to each of which said acts and rulings of the trial court the appellant objected and excepted. Later the jury returned a general verdict for appellee against both appellants for the sum of $2,500, to the acceptance and filing of which appellant objected and excepted. Each of the foregoing rulings of the trial court indicated as excepted to by appellant are assigned as error in this court and relied on for reversal.

At the threshold of our consideration of these questions, we are met with a contention by appellee: (1) That the bill of exceptions is not in the record, and that for this reason none of the errors relied on, the consideration and determination of which necessitates an examination of the evidence, are presented. (2) That on account of certain indicated infirmities in appellant's brief, it is insufficient under the rules to present any question.

Appellee's first contention is based upon the fact that the record affirmatively discloses that the bill of exceptions containing the evidence was not filed in time. The facts disclosed by the record are as follows: Appellant's motion for new trial was overruled on the third day of the January term, 1915, of said court, to wit, on January 6, 1915, on which date the judgment was rendered on the verdict and appellant was given "90 days from said date in which to prepare and file all bills of exceptions." The record then shows an entry of March 29, 1915, being the 19th day of the March term of said court, which, omitting caption, reads as follows:

"Come now the defendants and file petition to extend the time to file bill of exceptions to May 1, 1915, said petition reading as follows:"

Then follows the petition, the contents of which we need not indicate further than to say it is sworn to by one of the traction company's attorneys in whose affidavit appears the following words, viz.:

"That the matters and things set forth in the above and foregoing notice for extension of time in which to file bill of exceptions are true as he is informed and verily believes and that the plaintiff has had due and legal notice of the proposed filing of said petition."

After setting out the petition, said entry continues as follows:

"And the Court after hearing the evidence and being fully advised and satisfied in the premises does now find that the defendant, Fort Wayne & Northern Indiana Traction Company is entitled to an extension of time in which to file its bill of exceptions to May 1, 1915.

"It is therefore ordered, adjudged and decreed by the Court that the time for the defendant Fort Wayne & Northern Indiana Traction Company to

file its bill of exceptions containing the evidence be and the same is hereby now extended to May 1, 1915, and day is given."

On the 41st day of the March term, 1915, being April 23, 1915, the record shows an entry which, omitting caption, is as follows:

"Comes now said defendant, The Fort Wayne & Northern Indiana Traction Company, by Wood & Evens, its attorneys, and in open Court files its bill of exceptions containing the longhand transcript of the evidence in said cause, certificate of A. O. Reser, official reporter of this Court, and the signature of the Judge attached thereto, all reading as follows, to-wit ......"

It thus affirmatively appears from the record that the bill of exceptions containing the evidence was not filed within the time originally given for its filing, but the record also discloses that pursuant to a petition filed for that purpose the time for filing such bill was extended by the court, and that such bill was filed within the time as extended. It is insisted by appellee, however, that this extension was a nullity because the statute which authorizes it was not followed in obtaining it, in that the record fails to disclose that the notice required by such statute was first given. Appellant relies upon the language quoted *supra* from the affidavit accompanying the petition for extension as meeting the requirements of the statute.

Section 661 Burns 1914, Acts 1911 p. 193, furnishes the only authority for the extension of time for the filing of such bill. In addition to her contention above indicated appellee also contends that under the recent holding of this court in the case of *King-Crowther Corp.* v. *Ashcraft Co.* (1915), 60 Ind. App. 412, 415, 416, 110 N. E. 998, the application for extension, under said statute, can only be heard on the day prior to the day of the expiration of the time as originally given. Ap-

pellee misinterprets the holding in that case. The court in that case, in referring to the section, *supra,* which authorizes the extension, said: "It provides, among other things, that application for reëxtension of time shall be made on *the* day prior to the day the time first given expires." (Our italics.) In attempting to give the substance of the provision of the statute, the word "the," italicized *supra,* was used where "a" should have been used. The application for extension in that case was not made until the day the time originally given had expired, and hence was held not to be in time.

The part of the proviso of said section pertinent to appellee's contention that the record fails to show the notice required therein is as follows: *"Provided,* That the party asking such re-extension of time shall give the opposite party or his attorneys of record at least three days notice of the time when and place where said applications would be heard: *and Provided further,* That the application must be made and the time for the hearing thereof set for *a* day prior to the expiration of the time first given."

The record in this case shows that the application for extension of time was made at a term subsequent to that in which the time for filing such bill was originally given, and fails to show that "at least three days' notice of the time and place where said application would be heard" was given to appellee or that a time was fixed for the hearing of said application as provided in said proviso. It also fails to show that appellee was present in court in person or by her attorney when said application was presented and heard by the court, or when the order of extension was granted and made. Said requirements of the statute are not met by the statement in the affidavit accompanying the application, by way of conclusion of the affiant, that

the plaintiff "had due and legal notice of the proposed filing of said petition," unaccompanied by a copy of the notice or any further showing of the service of said notice. *English* v. *English* (1914), 182 Ind. 675, 107 N. E. 547; *Pritchard* v. *Mines* (1915), 61 Ind. App. 203, 111 N. E. 804; *Richmond Light, etc., Co.* v. *Rau* (1915), 184 Ind. 117, 110 N. E. 666; §505 Burns 1914, §482 R. S. 1881.

The bill of exceptions containing the evidence not being in the record, those grounds of appellant's motion for new trial which challenge instructions 2. and rulings of the court, the correctness of which can only be determined by reference to the evidence, are not presented. *Lyons* v. *Souder* (1914), 56 Ind. App. 443, 105 N. E. 511; *Wallace* v. *Mattice* (1889), 118 Ind. 59, 61, 20 N. E. 497; *Mace* v. *Clark* (1908), 42 Ind. App. 506, 85 N. E. 1049; *DeHart* v. *Board, etc.* (1896), 143 Ind. 363, 41 N. E. 825; *Fairbanks* v. *Warrum* (1913), 56 Ind. App. 337, 104 N. E. 983. This court, without resort to the evidence, could not say that any error resulted from the rulings complained of in the giving and refusal of instructions.

Appellee insists that the other questions attempted to be presented by appellant cannot be considered because appellant, in his points and authorities in his brief, states generally propositions of law, with no attempt to apply them to any error assigned and relied on for reversal. Appellant in effect concedes, and properly so, that his brief is subject to the infirmity suggested, but insists, in effect, that this infirmity has been waived by appellee's discussion of the questions upon their merits, and that this court, by an examination of both briefs, can understand and intelligently determine the questions which appellants have in their brief sought to have determined. Giving appellant the advantage of this contention to the full extent that a fair inter-

pretation of the rules and decided cases will permit, we shall consider his alleged error challenging the ruling on the demurrer to the complaint, the refusal to strike out interrogatories, and the rereading of said instruction No. 25.

Appellee has discussed the sufficiency of the complaint upon the assumption that appellant challenges the ruling on the demurrer thereto on the following grounds: (1) That it, the complaint, charges no negligence against appellant; (2) that its averments fail to show that the negligence attempted to be charged therein against appellant was the proximate cause of appellee's injury; (3) that the facts alleged affirmatively show that appellee's injury was wholly caused by an intervening independent agency over which appellant had no control; (4) that the facts adjudged show appellee guilty of contributory negligence.

The averments of the complaint, pertinent and proper to an intelligent understanding and disposition of said objections, are, in substance, as follows: Appellant operates an electric street car line over and upon Main street, a street running east and west in the city of Lafayette. Second street, another street in said city, runs north and south and crosses Main street in said city, at which point appellant has a single track over which it operates its cars. Appellee, on the day she received her injuries, took passage on one of appellant's cars at a point east of Second street and paid her fare and was carried to the intersection of Main and Second streets. Appellee was a deaf mute, a stranger in said city, and was unacquainted with appellant's manner and method of receiving and discharging passengers on and off its cars. The car on which she took passage was in charge of a motorman who operated it and a conductor who collected fares and assisted passengers in entering and

alighting therefrom. The car was equipped with doors and vestibules for entrance and exit at either end. When the car arrived at the Second street crossing many persons were there waiting to take passage. At the time in question, and for some time prior thereto, a rule and custom existed and was in force and being promulgated by appellant by which it received and discharged all passengers through the rear door of its cars. This rule was promulgated by appellant for the purpose of protecting its patrons and passengers, and to guard them against coming in contact with other vehicles of travel while getting on or off its cars. This rule was known to appellant's employes, the operators of motor vehicles on said streets and the traveling public, but was unknown to appellee. When said car stopped at Second street, appellee desiring to get off at said point looked to appellant's said employes for guidance and assistance in leaving said car; *the motorman opened the front door of the car and beckoned to appellee and invited her to get off at the front end of said car*. At the point where said car stopped, one alighting from its rear end would step into Main street on the north side of appellant's track and the north side of the street, while in alighting from the front end, one would step into Main street on the south side of the street and track. Appellee, ignorant of said rules and customs of appellant, and acting upon the invitation and request of said motorman, and in obedience thereto, left said car by the front end, where said motorman was stationed, and while in the act of stepping into Main street from the front platform of said car, Ray Ross, who was then in charge of an automobile approaching in said machine from the west, running such machine at a high and dangerous rate of speed, to wit, twenty miles an hour, within two or three feet of the south rail of appellant's track, ran said machine

against appellee with great force, whereby she was knocked unconscious to the ground and run over, etc.

In alighting from said car, appellee was watching her footsteps and did not see or observe the approach of said automobile, and did not hear the noise thereof. *Appellant at said time through its motorman knew that said automobile was approaching said car from the west at a rapid rate of speed and so close to the south track that it would come in contact with plaintiff if she was then permitted to alight from said car. Appellant knew or could have known of the approach of said car in time to have restrained appellee from stepping in front of it. The approach of said automobile made the alighting place of appellee from said car extremely dangerous and imperiled her life, all of which appellant well knew, or by the exercise of reasonable care and caution on its part could have known in time to have prevented appellee's injury.* If appellant had been directed to leave the car from the rear door, she would not have been injured. She relied on and followed appellant's directions. *Appellant was careless and negligent towards her in the following respects, viz.: In carelessly and negligently inviting and directing her to get off the front end of the car; in carelessly and negligently permitting her to leave said car from the front end and to step in front of said automobile; in carelessly and negligently failing to warn her of the approach of said automobile; in carelessly and negligently permitting appellee to alight at said point, well knowing and being in a position to know that said automobile was approaching; and in carelessly and negligently failing to protect appellee, in alighting, from coming in contact with said automobile.*

Averments follow, showing the negligence of Ray Ross, the driver of the automobile, among which are averments showing an ordinance of said city then in

force, requiring vehicles about to pass a street car dis-charging or taking on passengers to either stop until the street car has passed on or keep at moderate speed at a distance of not less than ten feet from said car, etc. The complaint then alleges: "That each and all of said injuries above complained of were caused to her and resulted from the careless and negligent acts of the said defendant company, the Ft. Wayne and Wabash Valley Traction Company, as hereinabove averred, and as a direct result of each of said careless and negli-gent acts aforesaid, and by and through the careless and negligent acts of the said defendant Ray Ross, as hereinabove averred, and each of said negligent acts separately and all to her damage in the sum of Twelve Thousand Dollars ($12,000)."

The specific acts of appellant, italicized *supra,* and charged as being careless and negligent, and the gen-eral charge, last above quoted, that appellant's

4.  injuries resulted from the careless and negli-gent acts of appellant, etc., are sufficient to make the complaint good as against appellant's first and sec-ond objections *supra,* unless the specific facts pleaded are such as to overthrow or destroy the effect of said several averments which charge the acts indicated as having been carelessly and negligently committed and omitted by appellant, or are sufficient to nullify said general charge that said negligent acts were the proxi-mate cause of appellee's injury. *Louisville, etc., R. Co.* v. *Stommel* (1890), 126 Ind. 35, 37, 25 N. E. 863, and cases cited; *Louisville, etc., R. Co.* v. *Bates* (1896), 146 Ind. 564, 566, 45 N. E. 108; *Chicago, etc., R. Co.* v. *Biddinger* (1916), 63 Ind. App. 30, 113 N. E. 1027.

In such a case, the specific facts pleaded will con-trol and overthrow the general charge in those cases

5.  only where such specific facts necessitate an in-ference by all reasonable men inconsistent with

the general charge. *Indiana Union Traction Co.* v. *Love* (1913), 180 Ind. 442, 99 N. E. 1005, 1007.

The specific acts or conduct charged against appellant, italicized *supra,* are not only characterized as having been negligently committed and omitted, but they are such acts and conduct as are in themselves consistent with such characterization, and while there are averments that show that the driver of the automobile was guilty of negligence contributing to such injury, such averments are perfectly consistent with the charge that appellant's negligence was a proximate cause of such injury. The averments, when read in their entirety, show that appellant's negligence caused appellee to be placed in a situation or position that made it possible for the negligent conduct charged against the driver of the automobile to injure her, and hence show that her injuries were caused by the combined negligence of both appellant and said driver of the automobile.

What we have said in our discussion of appellant's first and second objections, *supra,* likewise disposes of his third objection.

To make the complaint subject to the fourth objection, its averments must be such as to leave it open to but one inference by all reasonable men, viz., that appellee, when injured, was guilty of some act or conduct contributing thereto of which a person of ordinary care and prudence would not have been guilty if placed in a like situation and under like circumstances. *Greenawaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219, 74 N. E. 1081; *Chicago, etc., R. Co.* v. *Biddinger* (1915), 61 Ind. App. 419, 109 N. E. 953.

This court cannot say as a matter of law that the averments, indicated *supra,* show conduct on appellee's part necessarily inconsistent with ordinary care

7. and prudence, especially when such conduct is viewed in the light of her infirmities. For the reasons indicated, no error resulted from the ruling on the demurrer to the complaint.

Appellant is in no position to complain of the court's ruling on its motion to strike out certain interrogatories tendered by appellee because appellee's

8. judgment rests on the general verdict, and the record discloses no motion by appellant for judgment on the answers to interrogatories, notwith-

9. standing such verdict. Interrogatories being authorized by statute, §573 Burns 1914, §547 R. S. 1881, they, when proper, and accompanied by a proper request seasonably made, should be submitted by the trial court; and the refusal to submit them may in and of itself be harmful and prejudicial to the party requesting them, because such refusal may deprive him of the advantage of §573, *supra,* which authorizes a judgment on the answers thereto when inconsistent with the general verdict.

A ruling of the trial court refusing to strike out interrogatories, however, is different, in that such a ruling opens the door for either party to the advantages of said statute, and such ruling, even though it authorizes the submission of improper interrogatories, is at most pregnant with possible harm to the party against whom the ruling is made, depending on the answers to such interrogatories and their influence in determining whether a judgment should rest on the interrogatories, notwithstanding the general verdict, and hence whatever influence their submission may have under the statute, *supra,* such influence presupposes a motion for judgment on the answers to interrogatories, and where the party requesting such interrogatories obtains a general verdict, he is entitled to judgment on such general verdict, and any interrogatories submitted at his re-

quest, so far as they may have any influence upon his right to such judgment, are a nullity, in the absence of a motion for judgment on the answers to interrogatories. The answers to the interrogatories improperly submitted might, in fact, be consistent or inconsistent with the general verdict, but such fact is wholly unimportant in the absence of such motion.

To the extent that such answers might nullify or be inconsistent with answers to other interrogatories submitted at the request of the party against whom the general verdict was rendered, they might be prejudicial and harmful to such party, and hence, if improperly submitted, should not be considered in determining whether such verdict should prevail over the answers to interrogatories, but this assumes, and must of necessity assume, a motion for judgment on such answers, because without it the judgment is on the general verdict regardless of the answers, and the party at whose request such interrogatories were submitted having obtained the general verdict, the submission of such interrogatories can have no effect, prejudicial or otherwise, against such other party, in the absence of such a motion. *Colles* v. *Lake Cities Electric R. Co.* (1898), 22 Ind. App. 86, 92, 53 N. E. 256; *Reeves* v. *Grottendick* (1892), 131 Ind. 107, 115, 30 N. E. 889; *Board, etc.* v. *Bonebrake* (1896), 146 Ind. 311, 316, 320, 45 N. E. 470; *Erie Crawford Oil Co.* v. *Meeks* (1907), 40 Ind. App. 156, 160, 81 N. E. 518.

It should be added in this connection that, even where interrogatories are improperly submitted over a motion to strike out, and a motion for judgment on the answers to interrogatories is made in the trial court, the ruling on such motion to strike out will not necessarily present reversible error in this court. This is so because it is the duty of the trial court, in determining whether judgment should be ren-

dered on the general verdict or on the answers to interrogatories, to consider, as against the facts found by the general verdict, only such other facts as were elicited by proper interrogatories, and this court, in determining whether error had been in fact committed by the trial court in its ruling on such motion for judgment, would consider only such answers to interrogatories as were elicited by proper interrogatories, and if the judgment below could be upheld by disregarding the answers to such improper interrogatories, they would be disregarded, and hence, any possible harm resulting from their submission would be cured. *Colles* v. *Lake Cities Electric R. Co., supra; Reeves* v. *Grottendick, supra,* and cases cited; *Board, etc.* v. *Bonebrake, supra.*

The statute contemplates that all the interrogatories submitted to the jury are submitted by the court, and by what we have said we do not mean to be understood as asserting that interrogatories might not be so framed and worded as to be so suggestive and prejudicial that their submission might of itself tend to improperly influence the verdict of the jury, in which case the submission might alone be harmful and hence constitute reversible error, but no question of this kind is presented by the interrogatories here involved.

The instruction reread by the court, when it required the jury to return to its room for further deliberation on its verdict, the rereading of which is complained of by appellant, is an instruction which told the jury, among other things, that if it found against both defendants, "it could not apportion the damages if any assessed." No complaint is made that this instruction is erroneous, but the insistence is that it was error to single it out and reread it; that such action gave undue emphasis to this particular instruction.

The answer to this contention is that the instruction reread was one pertinent and applicable to the situation resulting from the return of the first verdict. The action of the trial court in having the jury retire to further consider their verdict under the situation presented by the return of the first verdict was eminently proper, and it was also proper to accompany such action with some instruction or direction pertinent to such situation. There was nothing in this action of the court which furnished appellant any just ground of complaint.

Finding no reversible error in the record, the judgment below is affirmed.

NOTE.—Reported in 116 N. E. 309. Carriers: duties in discharging passengers, 118 Am. St. 471. See under (5, 6, 7) 6 Cyc 626, 627; 10 C. J. 1006, 1009; (10) 3 Cyc 383; 4 C. J. 1028; (11) 38 Cyc 1851.