## ASHLEY *v.* KELLEY ET AL.

[No. 11,164.   Filed February 23, 1923.]

APPEAL.—*Record.*—*Bill of Exceptions.*—*Authentication.*—Where there is no clerk's certificate identifying a purported bill of exceptions, it cannot be considered a part of the record, though signed by the trial judge, and, following an order stating that it was signed and filed on a certain date, there is a certificate of the clerk that the "above and foregoing" transcript contains a true, correct and complete copy of all papers, pleadings, entries and the bill of exceptions containing the evidence.

From Warrick Circuit Court; *Marshall R. Tweedy,* Judge.

Action by Matthew Ashley against Fila Kelley and another.   From a judgment for defendants, the plaintiff appeals.   *Affirmed.*

*J. W. Davis,* for appellant.

*Caleb J. Lindsey,* for appellees.

McMAHAN, J.—Complaint by appellant to recover the value of a fence alleged to have been the property of appellant and which it is alleged was converted by appellees to their own use.

There was a trial by jury which resulted in a verdict and judgment for appellees.   Appellant's motion for a new trial being overruled, he appeals and contends that the court erred in overruling said motion.

The grounds urged by appellant for a reversal relate to the sufficiency of the evidence and the giving of certain instructions.

Appellees insist that the evidence is not in the record, and that in the absence of the evidence no reversible error is shown.   Following appellant's praecipe for a transcript is an order stating that the bill of exceptions containing the evidence was signed by the judge April 30, 1921, and that it was filed the same day.   Then follows the certificate of the clerk wherein the clerk certified that the "above and foregoing" transcript contains

VOL. 77—40

a true, correct and complete copy of all papers, pleadings, entries and the bill of exceptions containing the evidence. This certificate is dated April 22, 1921. This is followed by what purports to be an original bill of exceptions containing the evidence and bearing the filing stamp of the clerk showing that such purported bill of exceptions, which was signed by the trial judge, was filed April 30, 1921. It is not certificated to be, nor is it identified as, the bill of exceptions by the clerk of the trial court. Appellees in their brief called the attention of appellant to the condition of the record and insisted that no question was presented for our consideration. Appellant thereupon filed application for *certiorari,* and asked that the clerk of the trial court be given leave to correct and amend his certificate. This was granted and the clerk made a return wherein he certifies that his original certificate to the transcript is incorrect, that by mistake the word "April" was inserted therein and that the word "May" should be inserted in his certificate instead of "April." There is also a certificate of the clerk attached to the writ of *certiorari* identical in form with the original certificate, except it bears the date of May 22, 1921, instead of April 22, 1921. This certificate is not attached to the transcript, and if it is to be considered as a correction of the first certificate, which seems to be its purpose, there is no certificate of the clerk identifying the purported bill of exceptions. There is nothing to show that it was ever filed. The record in this case is in the same condition as was the record in *De Hart* v. *Board, etc.* (1896), 143 Ind. 363, 41 N. E. 825, cited by appellees, and on the authority of that case we hold that the evidence is not in the record.

In the absence of the evidence, no reversible error is shown.

Judgment affirmed.