VICKSBURG RAILROAD, POWER AND MANUFACTURING COMPANY
*v.* FLORA WHITE ET AL.

EVIDENCE.   *Mortality tables.   Life expectancy.*

> Mortality tables, not based on the general run of mankind, but made up from selected risks, persons, sound in body and mind, and of correct habits, do not prove the life expectancy of a person not shown to belong to the class from which the tables were made.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Mrs. White and others, appellees, were plaintiffs in the court below; the Vicksburg, etc., Company, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court. The facts upon which the decision is based are stated in the opinion of the court.

*Smith, Hirsh & Landau,* for appellant.

The court, notwithstanding the objection of appellant, permitted George T. Flannigan to testify concerning the expectancy of life.

The age of Flora White being forty-seven years, at the time of the death of Ike White, that was the proper age to be considered by the jury. Now the witness was directly asked, as shown, to give a man's expectancy of life. What should have been asked was the expectancy of life of the female, Flora White. Again, while the questions were confined to the expectancy of a man's life, commencing at the age of thirty years, there was no attempt made to show by any question asked, the expectancy of the two children of Flora White, to wit: Rosalie White, age fourteen, and Louis White, a male, age thirteen. If testimony of this sort is admissible at all, over the objection of appellant, certainly the expectancy of life of the parties to be benefited under the rule in the *Crudup Case,* should also be shown by proper and direct questions. The mere filing of tables of mortality, over the objection of appellant, will not cure the error. *Illinois, etc., R. Co.* v. *Crudup,* 63 Miss., 291.

*Theodore McKnight,* for appellee.

The mortality tables were clearly admissible in evidence. If there was a failure of proof to show any of the parties to be of the class from which the tables were made, this is not cause for reversal. The case stood as if the tables were never introduced, and of course it cannot be assumed that they misled the jury. Without the tables the jury, from the evidence as to age, etc., and from the appearance of the parties, could have rightfully determined their respective expectation of life.

Argued orally by *J. Hirsh,* for appellant.

PRICE, J., delivered the opinion of the court.

This case was before this court once before (31 South., 709),

upon an appeal from a peremptory instruction given for the defendant below, and the case was reversed and remanded because this court was of the opinion that the question of negligence, on the facts shown, was one for the jury. The facts, as now presented by this record, do not change our former opinion on that subject. On the trial of this case in the court below, the plaintiffs, after showing the death of Ike White, showed that Flora White, his wife, and their children, aged twelve and fourteen, were his only heirs, and introduced, over defendant's objection, mortality tables showing the life expectancy of persons from thirty to fifty years of age; but there was no evidence of the life expectancy of the two children. It is further shown, and not disputed, in the evidence that these mortuary tables are made up by actuaries from a list of selected risks, persons belonging to an arbitrary class. It is further shown by the expert, Flannigan, that the tables are made up of persons of sound body and mind, having no physical defects or constitutional troubles, and of correct habits. The plaintiffs introduced no evidence to show that the deceased or any of the plaintiffs belonged to the class from which such tables are made; in fact, introduced no evidence of the physical, constitutional, and mental soundness of any of the parties. This being true, the appellant insists that the giving of the following instructions for the plaintiffs below was error, and furnished no guide for the measure of damages: "The court instructs the jury for the plaintiffs that, if they should believe from the evidence that the plaintiffs are entitled to recover, then, in estimating the actual damages sustained by plaintiffs by the reason of the death of Ike White, they may, as to the right of recovery on the part of the children of Flora White, take into consideration what would be the net earnings of Ike White during their minority, as they may believe the proof shows the said children might reasonably be expected to live, as they may believe is shown by the proof;

and that as to the plaintiff, Flora White, they may, if they believe from the evidence that the plaintiff is entitled to recover, take into consideration in estimating the actual damages resulting from the death of Ike White, what would be the reasonable amount per year for the support and maintenance of the said Flora White for the number of years which a woman of her age, as shown by the proof, might reasonably be expected to live, as shown by the proof, unless they believe from the evidence that she would outlive the said Ike White. But if they believed from the evidence that he would die before her, then her damage should be calculated on the basis of his life."

This instruction was written upon the theory that the deceased or his wife had been shown by the proof to belong to the class of persons upon whom the mortality tables are based. In vol. 15 Am. & Eng. Enc. Law, p. 881, it is said that "the Carlisle, Northampton, or other mortality tables, together with the age and general health of the person, are admitted in evidence by courts for the purpose of showing what is the probable duration of life under peculiar conditions." These tables are compiled in connection with proof of the health, constitution, habits, etc., of the parties. These tables only show the probable age which a sound and healthy person belonging to the class may expect to reach, whose age is given. In *Railroad Co.* v. *Crudup,* 63 Miss., 303, this court, speaking through Justice Cooper, said: "In all cases of this character it must be the expectation of that one who would soonest die which should control." Who would soonest die in this case? The age is shown, but no evidence of the health, physical condition, and habits of the parties are given, placing them in the class of persons or selected risks, which is the foundation of the tables. The instruction assumes that Ike White would have lived until the children were of age. It also assumes that Ike and Flora White were of the class of persons contemplated by the tables. *Roose* v. *Perkins* (Neb.), 2 N. W., 715, 31 Am. Rep., 409; *City of Lincoln,* v. *Smith*

(Neb.), 45. N. W., 41; *Hunn* v. *Mich. Cent. R. Co.* (Mich.), 44 N. W., 502, 7 L. R. A., 500.   In *Roose* v. *Perkins* (Neb.), 2 N. W., 715, 31 Am. Rep., 409, it was held that the foundation was properly laid for the introduction of the mortality tables, as the party was shown to be strong, healthy, and robust.

The third instruction is erroneous in basing the two children's damages upon the net earnings of the father and during their minority, as the proof shows that he might reasonably be expected to live, and, of course, assumes they will live, during such minority, or that Ike White would have lived during such minority.   The instruction is erroneous in basing the damage of Flora White upon a reasonable amount per year for the support and maintenance for the number of years a woman of her age might be expected to live, as shown by the proof; erroneous because there is no proof in the record supporting the instruction that she had any life expectancy; erroneous in assuming that Ike White, the husband, had any life expectancy. It would have been sufficient to show the ages of the plaintiffs and the deceased, their condition of health and constitution, and left the jury to say how long they, or either of them, would likely live; but when one relies upon the mortality tables to show life expectancy it then becomes necessary to show that the party belongs to the class.   The mortality tables are made from arbitrary rules, and the class is an arbitrary one, out of the general run of mankind, and one relying upon them must show that the parties come within the class of persons contemplated.

*Reversed and remanded.*