## Muncie and Portland Traction Company *v.* Hall et al.

### [No. 21,449. Filed January 5, 1910.]

1. TRIAL.—*Instructions.— Damages.— Condemnation.—Interurban Railroads.*—An instruction that the only question involved is the amount of damages defendants have sustained by reason of the interurban railroad company's condemnation of the described real estate, is not misleading as causing the jury to think the fee-simple title was taken, where another instruction specifically outlined the damages which should be given. p. 293.

2. TRIAL.—*Instructions.—Damages.— Condemnation.— Interurban Railroads.*—An instruction in an interurban railroad condemnation case that in estimating the value of the land condemned the jury should consider its value as adapted to a particular, as well as for general uses, and should consider the present and prospective needs of the community, is not bad, where the jury were further instructed that no remote, conjectural, or speculative damages should be allowed, and that the damages allowed should not exceed the market value of the land on the day it was appropriated. p. 294.

3. APPEAL.—*Instructions.*—*Prejudice.*—Where errors in giving instructions are not prejudicial, a reversal will not be ordered. p. 295.

4. TRIAL.—*Instructions.*—*Duplication.*—It is not erroneous to refuse instructions, where similar ones have been given.   p. 295.

5. TRIAL.—*Instructions.*—*Refusal to Give.*—*Evidence not in Record.*—Instructions refused will be considered as not applicable to the evidence, where the evidence is not in the record.   p. 295.

6. TRIAL.—*Argument to Jury.*—*Misconduct of Counsel.*—*Comments on Evidence.*—Remarks of counsel for appellee repeating the testimony of a certain witness as to how he arrived at the damages in a case of condemnation, are not erroneous, where there is no showing that such testimony was given by appellee's witness.   p. 296.

7. TRIAL.—*Argument to Jury.*—*Weight of Evidence.*—Statements by counsel that the testimony of certain witnesses is entitled to greater weight than that of others, is legitimate argument.   p. 296.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Action by the Muncie and Portland Traction Company against John W. Hall and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Frank H. Snyder* and *Whitney E. Smith,* for appellant.
*Smith & Moran,* for appellees.

HADLEY, C. J.—Appellant instituted this action to condemn, in fee, certain real estate belonging to appellees, for the erection thereon of a power-house and car barns. Such proceedings were had that, in the circuit court on appeal, the question of damages was submitted to the jury. The action of the court, in giving and refusing to give certain instructions to the jury, presents the principal questions for our consideration.

The objectionable matter in instructions three and four, given by the court, is, in effect, that interurban railroad companies are so far *quasi*-public corporations that they may, by rendering the owner full compensation, take private property in fee for a power-house and car barn when necessary to such use. The criticism is that the instructions are calculated to mislead the jury into be-

lieving that the question of necessity was involved in the trial, and that the burden of proving it rested upon appellant. In the very first instruction given, the court had said to the jury: "The only question that is involved in this trial is the amount of damages that defendants have sustained by reason of the condemnation of said real estate by the plaintiff." The objectionable phrase might as well have been omitted, but it was clearly used in an explanatory or introductory sense, and when considered in connection with the specific direction concerning the issues embraced in the first instruction, we think it could not have been misleading.

The substance of instructions five, six, and seven, is that, in estimating the value of property which was adapted to some particular as well as a general use, the jury should take into consideration the nature of the particular use, whether the property was at the time being devoted to such use, the present and prospective needs of the community with reference thereto, and its value with regard to the use to which men of ordinary prudence and wisdom would devote the property if owned by them, considering all the uses, present and prospective, to which it might be devoted. The objection suggested to these numbers is that they practically override the elements entering into market value, and are indefinite and speculative. The court but a moment before had directed the jury, upon appellant's request, that no remote, conjectural, or speculative damages could be allowed in the case, that the sum allowed for the tract appropriated must not exceed the market value of the land on the day of its appropriation, and that in arriving at the market value the jury might consider the actual value for the best use to which the evidence showed the land was adapted at the time of its appropriation, but that in any case the market value must control. Independent of other instructions, however, those objected to are clearly within the doctrine declared

in *Ohio Valley R., etc., Co.* v. *Kerth* (1892), 130 Ind. 314, 317.

Exceptions to other instructions given, relating to the question of damages and of the same general import, are presented. We have given each of the others a careful examination, and find that there was in this respect no prejudicial error committed against appellant.

Complaint is also made of the court's refusal to give certain instructions requested by appellant. Of these, instructions one and eight were fully covered by instructions given, and eighteen and nineteen relate to certain details in the operation of a stone-quarry.

The evidence is not in the record, and in support of the action of the court we must presume that the instructions were refused because not applicable to the evidence. *Dehart* v. *Board, etc.* (1896), 143 Ind. 363, 366; *Holland* v. *State* (1892), 131 Ind. 568, 570.

Appellant presents the alleged misconduct of counsel for appellee in his argument to the jury, as a further ground for a new trial. The language complained of is as follows: (1) "Mr. Frost testified that one element he took into consideration in his estimate to the jury was the fact that he knew that Mr. Detamore and his sons, one or all of them, had testified in this court that their land, diagonally across the corner of Doctor Hall's land, at the southwest corner, was worth $20,000 an acre. Mr. Frost testified to that, and that he took that into consideration in fixing his value. He further testified that Mr. Armfield, in the same suit, swore that the land was worth from $8,000 to $10,000 an acre—the Detamore land."

(2) "The men who operated the stone-quarry thirty feet away, seventy feet deep—they would know more about the value. They would know more about mud pockets. They would know more about it than Mr. Blatchley."

As to the first complaint, for aught that appears, 6. the testimony referred to by counsel for appellee was produced by appellant; and if it were we see no impropriety in referring to it in argument in the manner set forth. With respect to the second complaint, we think 7. the language used was but the legitimate comment upon the weight of the evidence.

Judgment affirmed.