## DEER, ADMINISTRATOR *v.* THE SUCKOW COMPANY.

[No. 8,811. Filed December 14, 1915.]

1   APPEAL.—*Review.*—*Instructions.*—*Record.*—Notwithstanding the memorandum placed by the trial court at the close of the instructions was dated April 9, and the record entry showed that on April 10 the instructions were read to the jury to the reading of which oral exceptions were at the time reserved, that all the instructions were signed by the court, filed with the clerk and ordered made a part of the record, etc., the instructions were a part of the record under §561 Burns 1914, Acts 1907 p. 652; the fact that they were signed by the court before they were read to the jury being immaterial.   p. 279.

2.   MASTER AND SERVANT.—*Injuries to Servant.*—*Assumption of Risk.*—*Contributory Negligence.*—*Burden of Proof.*—*Statutes.*— Under the act of March 2, 1911 (Acts 1911 p. 145, §§8020a-8020k Burns 1914), where negligence of the employer is shown, the defense of assumption of risk and of contributory negligence, because of dangers and hazards inherent in the employment, are removed, and the burden of proving that the employer did not know of the defect alleged to constitute negligence, or was not chargeable with knowledge, is placed on the employer.   p. 280.

3.   MASTER AND SERVANT.—*Injuries to Servant.*—*Assumption of Risk.*—*Contributory Negligence.*—*Statutes.*—Under §8020c Burns 1914, Acts 1911 p. 145, §3, where plaintiff employe has proved the defect alleged he has made a *prima facie* case of negligence against the employer, and can not be charged with assumption of the risk in the absence of proof that the employer did not know of the defect, or was not chargeable with constructive knowledge thereof; nor is the employe chargeable with contributory negligence be-

cause of a risk inherent in the employment, even though having knowledge thereof; hence in an action under the statute, the court erred in instructing the jury that plaintiff assumed the ordinary risks of the employment and that he could not recover if he knew or could have known of the defect complained of.    p. 281.

4.  NEGLIGENCE.—*Ordinary Care.*—Ordinary care is the care of an ordinarily prudent person and not that of a prudent person. p. 283.

5.  MASTER AND SERVANT.—*Injuries to Servant.*—*Defective Conditions.*—*Inspection by Servant.*—*Instructions.*—In an action under the statute, an instruction that plaintiff could not recover if the dangerous condition could have been seen by decedent, and stating that defendant was under no greater obligation to use care for the safety of decedent than he was to care for himself, was erroneous, since even at common law a servant is not bound to make a critical examination of a tool or applicance, or of his working place, before using it, and there is a duty of inspection devolving upon the master that is not required of the servant.    p. 283.

6.  EVIDENCE.—*Admissibility.*—*Mortality Tables.*—Mortality tables are admissible in evidence upon the question of the life expectancy of decedent in an action for his wrongful death, without regard to whether evidence has been introduced as to decedent's manner of life or physical condition prior to and at the time of the injury, since such tables afford some evidence which the jury may consider along with other pertinent evidence in ascertaining the probable duration of the life in question, and are not admitted as fixing the expectancy of such life, or as forming a legal basis for a calculation.    p. 284.

From Johnson Circuit Court; *Wm. E. Deupree*, Judge.

Action by Lewis M. Deer, administrator of the estate of Joseph E. Deer, deceased, against The Suckow Company.    From a judgment for defendant, the plaintiff appeals.    *Reversed.*

*Ivory J. Drybread* and *Wm. Featherngill*, for appellant.

*L. Ert Slack*, for appellee.

IBACH, J.—This is an action for damages by Lewis M. Deer, administrator of the estate of Joseph E. Deer, deceased, against appellee, a corporation employing five or more persons and engaged in the milling business and manufacture of flour in the

city of Franklin, Indiana, for injuries sustained by decedent, and resulting in his death, and alleged to have been caused by appellee's negligence. Trial by jury resulted in a verdict for appellee. The only error assigned is the overruling of appellant's motion for new trial.

Errors are argued relative to the giving of several instructions on the court's own motion, and at the request of appellee. Appellee urges that the

1. instructions are not properly in the record under §561 Burns 1914, Acts 1907 p. 652. The record shows that on April 9, 1913, the evidence was concluded and the argument of counsel heard, and under date of April 10, 1913, there is the following entry: "Come now the parties herein by their attorneys. Comes also the jury heretofore sworn. Instructions Nos. 1 to 6 inclusive tendered by the defendant, are read to the jury, to the reading of each of which to the jury the plaintiff at the time objects and excepts. Instructions Nos. 1 to 32 inclusive tendered by the court are read to the jury, to the reading of each of which to the jury the plaintiff and defendant each separately and severally for himself and itself at the time object and except, and all instructions are signed by the court, filed with the clerk and ordered made a part of the record, which is now done, and which instructions are in the words and figures as follows, to wit": The instructions given by the court appear to have been signed by him on April 9, 1913, and following these instructions is the entry, "Instructions Nos. 1 to 32 inclusive tendered by the court, read to the jury, to the reading of each of which to the jury plaintiff and defendant, each separately and severally for himself and itself at the time objects and excepts. April 9, 1913. Wm. E. Deupree, Judge." Then appears a request of defendant before argu-

ment to the court to instruct the jury in writing, and a request to the court to give to the jury six instructions. These instructions follow, with the marginal notation "Given" on each, and they are not signed immediately at the close of the instructions but the following entry appears: "Instructions Nos. 1 to 6 inclusive tendered by the defendant read to the jury, to the reading of each of which to the jury, plaintiff at the time objects and excepts. April 9, 1913. W. E. Deupree, Judge." It then appears that the jury retired to deliberate on a verdict, and the verdict was returned on April 11, 1913. There was no attempt to make the instructions a part of the record by bill of exceptions, and therefore, if a part of the record, they are such because of the order of the court under date of April 10, 1913. We think however, that a sufficient compliance with §561 Burns 1914, *supra*, is shown, and that the oral exceptions to the instructions given by the court of its own motion are sufficiently shown by the record entry. The mere fact that it is shown that the judge signed the instructions the day before they were given to the jury is immaterial for the statute fixes no particular time for the signing, and there is nothing in the record to indicate that the instructions signed were not given to the jury without change or modification. This is an action under the act approved March 2, 1911. Acts 1911 p. 145, §§8020a-8020k Burns 1914. Under this statute, where negligence of the employer is shown, the defenses of assumption of the risk, and of contributory negligence because of dangers and hazards inherent in the employment are removed, and the burden of proving that the employer did not know of the defect alleged to constitute negligence, or was not chargeable with knowledge, is placed on the employer.

*Benkowski* v. *Sanders-Egbert Co.* (1915), 60 Ind. App. 374, 109 N. E. 924.

It is stated specifically in the act (§3 Acts 1911 p. 145, *supra*), that an "employe shall not be held to have assumed the risk of any defect in the

3. place of work furnished to such employe, or in the tool, implement or appliance furnished him by such employer, where such defect was, prior to such injury, known to such employer or by the exercise or ordinary care might have been known to him in time to have repaired the same or to have discontinued the use of such defective working place, tool, implement or appliance. The burden of proving that such employer did not know of such defect, or that he was not chargeable with knowledge thereof in time to have repaired the same or to have discontinued the use of such working place, tool, implement or appliance, shall be on the defendant." Under this section, when a plaintiff employe has proved a defect in a working place, or in an implement, appliance or tool furnished to him by the employer, he has made out a *prima facie* case of negligence against the employer, and he can not be held to have assumed the risk where it has not been proved that the employer did not know of the defect, or was not chargeable with constructive knowledge thereof. Therefore, instructions Nos. 20, 21, 22, in the following words, were erroneous: "No. 20. The decedent, by entering the employment of the defendant company, and engaging in the work he did, as engineer, assumes the ordinary risks and dangers incident thereto, not only so far as they were known to him, but also, so far as they could have been known to him by the exercise or ordinary care upon his part; and if you believe from the evidence, that decedent at and prior to the time of the accident knew the condition of the cup-

board, in question, and the floor surrounding it, or that he could have known its condition and the manner in which it was set and excavated, by the exercise of ordinary care and prudence upon his part, then plaintiff can not recover and in that event your verdict should be for the defendant. No. 21. It was decedent's duty to be careful and to guard against accidents; and if you believe from the evidence that decedent knew the manner in which the cupboard, in question, stood on the floor, and the condition of the floor, or if the condition of the cupboard and floor was apparent and decedent by looking and using ordinary care, could readily have discovered the danger, if any, then your verdict should be for the defendant. No. 22. If decedent knew of the condition of the cupboard and trenches in the engine room, as alleged in the complaint, if they were as alleged, or could have known, if they were of such character as an ordinarily observant person would have known, and the condition of the cupboard or trenches caused the accident, then plaintiff can not recover." Although decedent knew of the condition of the cupboard and the excavation near it which caused it to topple over and crush him when he went to it for a tool, he was not, under the statute, chargeable with contributory negligence because of such a risk inherent in the employment, nor could he be charged with assumption of the risk, where the employer knew of the defect, or was chargeable with constructive knowledge thereof. The instructions above set out omit these elements of the law as stated in the statute under consideration, and were therefore incorrect instructions

There was also error in the giving of instruction No. 12, which stated that the term ordinary care means such care "as would ordinarily be used by prudent persons in the performance of like service under

the same circumstances, and such as may 4. be reasonably expected of a person in the situation of the plaintiff's decedent at the time the injury was received, if you find an injury was so received." This instruction imposed on decedent a higher degree of care than the law requires. All that is required is the care of an ordinarily prudent person, not the care of a prudent person. *Toledo, etc., R. Co.* v. *Goddard* (1865), 25 Ind. 185, 197; *William Laurie Co.* v. *McCullough* (1910), 174 Ind. 477, 486, 90 N. E. 1014, 92 N. E. 337, Ann. Cas. 1913A 49; *Virgin* v. *Lake Erie, etc., R. Co.* (1913), 55 Ind. App. 216, 101 N. E. 500; *Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409, 425, 3 N. E. 389, 4 N. E. 908.

Instruction No. 17, which states that if the dangerous location and condition of the cupboard could have been seen by decedent and the accident 5. avoided, then plaintiff could not recover, is also erroneous, even at common law, for a servant is not bound to make a critical examination of the condition of an implement, or of his working place, before using it, to see if it contains latent defects. This instruction also states that defendant was under no greater obligation to use care for the safety of the decedent than he was to care for himself, and this unqualified statement was, to say the least, misleading, for there is a duty of inspection devolving on the master which is not required of the servant. *Louisville, etc., R. Co.* v. *Berry* (1891), 2 Ind. App. 427, 431, 28 N. E. 714; *Pittsburgh, etc., R. Co.* v. *Woodward* (1894), 9 Ind. App. 169, 36 N. E. 442; *Brazil Block Coal Co.* v. *Gibson* (1903), 160 Ind. 319, 328, 66 N. E. 882, 98 Am. St. 281.

Of the remaining errors assigned, we will consider but one, for the others may not arise on new trial. The court refused to admit in evidence the Carlisle

6. Table of Mortality, and to allow proof from such table of the expectancy of life of a person of the age of decedent at the time of the accident, and stated that he would not allow the table in evidence unless plaintiff would introduce evidence as to the manner of life of the decedent for some years prior to the accident. There was evidence that decedent was in good health at the time of the accident, but on appellant's objection all evidence going to show what decedent's manner of life, his habits and conduct had been during the past few years, had not been admitted. Appellee cites the case of *Vicksburg R., etc., Co.* v. *White* (1903), 82 Miss. 468, 34 South. 331, holding that "when one relies upon the mortality tables to show life expectancy, it then becomes necessary to show that the party belongs to the class," that is, that he is an average person of his age, such as the table is based on. This does not seem to be the rule followed in this State, and approved by the weight of authority. In this State they have been admitted, not "as fixing the expectancy of the life of the particular person, or as forming a legal basis for a calculation, but * * * as furnishing some evidence, to be considered by the jury in connection with all other pertinent evidence, in ascertaining the probable duration of the life in question." *Smiser* v. *State, ex rel.* (1897), 17 Ind App. 519, 523, 47 N. E. 229. "The physical condition of the person in question, his general health, his avocation in life with respect to danger, his habits and other facts, properly enter into the question, and are to be weighed in connection with the tables." 8 Ency. Evidence 643. The proper procedure seems to be for the court to admit the tables, without proof as to the average health of the person whose expectancy is to be shown, or even if the proof shows that

his health was below the average. The fact that one is shown to be in poor health does not affect the admissibility of the tables, but goes merely to its force and weight. The court should give the jury proper instructions as to the effect which it may give to such tables, and should admit any evidence tending to show that the person was not an average person of the class contemplated in the tables. *Smiser* v. *State, ex rel.,* *supra; Galveston, etc., R. Co.* v. *Leonard* (1894), 29 S. W. (Tex. Civ. App.) 955; *Arkansas Midland R. Co.* v. *Griffith* (1897), 63 Ark. 491, 39 S. W. 550. Judgment reversed.

NOTE.—Reported in 110 N. E. 700. As to basis of assumption of risk doctrine, see 131 Am. St. 437. On the question of master's construction knowledge as to condition of place of work as element of liability to injured servant, see 41 L. R. A. 45, 50. See, also, under (1) 38 Cyc 1769; (2) 26 Cyc 1410; (3) 26 Cyc 1180, 1229; (4) 29 Cyc 427; (5) 26 Cyc 1204, 1511; (6) 13 Cyc 353; 17 Cyc 422.