GOSHEN MILLING COMPANY *v*. BAILEY.

[No. 22,704. Filed January 24, 1917. Rehearing denied June 8, 1917.]

1. MASTER AND SERVANT.—*Employers' Liability Act.—Constitutionality.*—The Employers' Liability Act of 1911 (Acts 1911 p. 145, §§8020a, 8020k Burns 1914) is not unconstitutional as being violative of the provisions of §1 of the fourteenth amendment to the Constitution of the United States or §23, Art. 1, of the Constitution of Indiana. p. 379.

2. MASTER AND SERVANT.—*Employers' Liability Act.—Constitutionality.*—Section 7 of the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020g Burns 1914), providing that in cases coming within the operation of the act all questions of assumption of risk, negligence or contributory negligence shall be questions of fact for the jury, is not void as being an unwarranted infringement on the power of the judiciary. p. 379.

3. MASTER AND SERVANT.—*Injury to Servant.—Dangerous Occupation Act.—Action.—Complaint.—Sufficiency.*—In an action to recover for wrongful death, a complaint drawn under §4 of the "Dangerous Occupation Act" of 1911, Acts 1911 p. 597, §3862d Burns 1914, need not allege that defendant employed more than five persons. p. 381.

4. APPEAL.—*Briefs.—Waiver.*—Alleged reasons for insufficiency of a complaint are waived by failure to discuss them in appellant's brief under points and authorities, as required by Rule 22 of the Supreme Court. p. 382.

5.  PLEADING.—*Demurrer.—Admissions.*—A demurrer admits as true not only the facts well pleaded, but also all other facts reasonably inferable therefrom.  p. 382.

6.  MASTER AND SERVANT.—*Injury to Servant.—Action.—Complaint.—Sufficiency.*—In an action for wrongful death, paragraphs of complaint alleging that decedent was electrocuted by coming in  contact with defectively insulated high voltage electric wires while painting a cupola on the roof of defendant's factory building, that the injury was due to negligence in inspection and insulation of the wires and that decedent was free from contributory negligence, were sufficient as against demurrer on a motion to make more specific the allegations being sufficient to apprise a person of ordinary understanding of what he would be required to meet.  p. 382.

7.  APPEAL.—*Questions Reviewable. — Briefs. — Consideration of Evidence.—Waiver.*—Where appellant's brief does not contain a condensed recital of the evidence in narrative form, as required by Rule 22 of the Supreme Court, all questions requiring a consideration of the evidence are waived.  p. 382.

8.  MASTER AND SERVANT.—*Injury to Servant.—Assumption of Risk.— Contributory Negligence.— Instruction.— Statutes.*— In an action for wrongful death, an instruction that if the jury should find for the plaintiff on a paragraph of complaint based on the Employers' Liability Act (Acts 1911 p. 145, §§8020a-8020k Burns 1914) and that decedent was killed by reason of defendant's violation of a statute, the defense of contributory negligence or assumption of risk would not be available, was not erroneous, since in such a case under §8020c Burns 1914, decedent was not chargeable with contributory negligence because of any risk inherent in the employment, nor could he be charged with the assumption of the risk.  p. 382.

9.  APPEAL.—*Briefs.—Sufficiency.—Objections to Instructions.*— Where the evidence is not set out in appellant's brief in narrative form as required by Rule 22 of the Supreme Court, it will be presumed in considering objections to the giving and refusal of instructions that the instructions given correctly stated the law as pertinent to the evidence and those refused, if they stated the law, were not applicable to the evidence.  p. 383.

10.  APPEAL.—*Briefs.—Sufficiency.—Waiver.*—Where appellant's brief fails to state any proposition or to cite any authorities to sustain its position in respect to questions presented by the assignment of errors and motion for a new trial, such questions are waived.  p. 383.

From Kosciusko Circuit Court; *Francis E. Bowser,* Judge.

Action by Amanda Bailey, administratrix of the estate of Chester Bailey, deceased, against the Goshen Milling Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*L. L. Burris, Deahl & Deahl, Frazer & Frazer* and *Van Fleet, Hubbell & Dinnen,* for appellant.

*Perry L. Turner, L. W. Royse* and *Jackson & Fitzgerald,* for appellee.

ERWIN, J.—Amanda Bailey, administratrix of the estate of Chester Bailey, her deceased husband, brought this action against the Goshen Milling Company, a corporation, to recover damages for the benefit of herself as widow and her infant daughter, Evelyn Marie Bailey, resulting from the death of Chester Bailey by reason of the alleged negligence of appellant. A trial by jury resulted in a verdict and judgment for appellee in the sum of $5,000.

Jurisdiction of this cause is in this court for the reason that appellant contends that the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a-8020k Burns 1914) is unconstitutional as being in violation of the provisions of §1 of the fourteenth amendment to the Constitution of the United States, and of §23, Art. 1, of our State Constitution. This question has already been decided by this court against the contention of appellant in *Vandalia R. Co.* v. *Stillwell* (1913), 181 Ind. 267, 104 N. E. 289, Ann. Cas. 1916 D 258; *Terre Haute, etc., R. Co.* v. *Weddle* (1915), 183 Ind. 305, 108 N. E. 225, and *Kingan & Co.* v. *Clements* (1915), 184 Ind. 213, 110 N. E. 66.

1.

Appellant also contends that §7 of the Employers' Liability Act (§8020g Burns 1914) constitutes an unwarranted infringement upon the power of the judiciary and is void. This court has held otherwise. *Kingan & Co.* v. *Clements, supra.*

2.

Error is alleged here upon the overruling of appellant's motion to make more specific, and in overruling its demurrers to the three paragraphs of the amended complaint.

The first paragraph of the complaint in question alleges, in substance, that on July 25, 1911, appellant was a duly organized corporation and was the owner and engaged in the care, operation and management of its factory and building in Goshen, Indiana, used for the manufacture of flour, and also in the transmission of electricity; that the factory had a cupola which extended six feet above the slanting roof of part of the building; that certain electric wires were attached to wires coming from the cupola, and ran across the roof at a distance of about three feet above the roof; that defendant engaged in transmitting or permitted to be transmitted over such wires electricity of high and dangerous voltage; that decedent was employed by appellant and was engaged in painting the above cupola under and about such electric wires and was liable to come in contact therewith, which appellant knew or should have known; that appellant negligently and carelessly failed to provide full and complete insulation around and about such wires such as would protect persons coming in contact therewith from injury by the electric current; that the wires were covered with some substance for the purpose of insulation but it had become old, rotten, decayed, worn, and out of repair, so as to be worthless as insulation; that at all times herein mentioned appellant carelessly and negligently maintained such wires in the above condition; that on said date decedent, while engaged in painting the roof and cupola beneath and about such wire, under direction of appellant, came in contact therewith solely by reason of appellant's negligence; that the 4,500 volts of electricity passing over

the wire entered the body of decedent causing his death; that decedent was twenty-three years of age, strong, healthy and robust; concluding with other averments as to appellee and decedent's child

The second paragraph alleges, in addition to the averments of the first, that appellant employed in its business more than five persons.

The third paragraph alleges facts similar to the above, except that it is based upon the common law and alleges, in substance, that it was the duty of appellant in maintaining the wire and permitting the same to be used upon its premises for the purposes aforesaid, and particularly in maintaining or permitting it to be maintained where appellant's employes would be likely to come in contact with the same, to completely and properly insulate it and inspect it from time to time and to cause and require the same to be properly, thoroughly and completely insulated and inspected from time to time, to the end that any defect in the insulation thereof might be discovered and remedied, and to maintain and keep such insulation in good repair, so as not to endanger the life and limb of its employes in the due performance of their duty; and it was appellant's duty to warn its employes of any unusual or extraordinary danger which they might encounter in their employment by reason of the defective condition of such wires. It is then properly averred that appellant negligently and carelessly failed to perform any such duties and that by reason thereof decedent was killed by reason of the defective condition of the insulation without negligence on his part contributing thereto.

Appellant rightfully suggests that the first paragraph is drawn under §3862d Burns 1914, or §4 of the "Dangerous Occupation Act" of 1911. Acts 1911

3.  p. 597. The contention that the paragraph should aver that appellant employed more than

five persons is not well made as the statute does not make that requirement.

The second paragraph is based upon the act of 1911, commonly known as the Employers' Liability Act. Acts 1911 p. 145, *supra.* Appellant alleges that neither of the paragraphs of complaint state facts sufficient to constitute a cause of action and sets out several reasons therefor, part of which have been discussed and part have been waived for failure to discuss under their points and authorities as required by Rule 22 of this court. A demurrer admits as true not only the facts well pleaded, but also all other facts reasonably inferable therefrom. We are of the opinion that it cannot be fairly said that any material fact, requisite to recovery is omitted from either paragraph of the complaint. Either paragraph was sufficient to apprise a person of ordinary understanding of what he would be required to meet. This is sufficient and the court did not commit any reversible error either on its rulings upon the demurrers or motions to make more specific. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99.

Appellant's brief does not contain a condensed recital of the evidence in narrative form as required by Rule 22 of this court; therefore, appellant has waived all questions based upon the evidence in this case. *McClellan* v. *Thomas* (1915), 183 Ind. 310, 109 N. E. 44.

Objection is made to the court's instruction No. 8 given to the jury. That part objected to is as follows:
"If you should find for the plaintiff on the second paragraph and that the said Chester Bailey was killed as alleged by reason of defendant's violation of said statute as alleged, then the defendant would

not be permitted to avail itself of the defense that said Chester Bailey was guilty of negligence or contributory negligence by reason of the assumption of the risk thereof, nor that the dangers or hazards inherent or apparent in the employment in which said Chester Bailey was engaged, contributed to such injury, nor could said decedent, Chester Bailey, be held to have assumed the risks of the employment." Under §8020c Burns 1914, *supra*, the decedent was not chargeable with contributory negligence because of any risk inherent in the employment nor could he be charged with the assumption of the risk. We are of the opinion that the court's instruction was not erroneous. *Deer* v. *Suckow Co.* (1915), 60 Ind. App. 277, 110 N. E. 700; *Doan* v. *E. C. Atkins Co.* (1915), 184 Ind. 678, 111 N. E. 312.

Other objections are made to the giving and refusing to give tendered instructions but where the evidence is not set out in the brief of appellant in narrative form as required by Rule 22 of this court, it is presumed that the instructions given correctly stated the law as pertinent to the evidence, and those refused, if they stated the law, were not applicable to the evidence. *DeHart* v. *Board, etc.* (1896), 143 Ind. 363, 367, 41 N. E. 825; *Lyons* v. *Souder* (1914), 56 Ind. App. 443, 105 N. E. 511; *Gary, etc., R. Co.* v. *Hacker* (1914), 58 Ind. App. 618, 108 N. E. 756; *Muncie, etc., Traction Co.* v. *Hall* (1909), 173 Ind. 292, 295, 90 N. E. 312.

Other questions presented by appellant's assignment of errors and motion for new trial are waived by failure of appellant to state any proposition or to cite any authorities to sustain its position.

Louisville, etc., Traction Co. *v.* Montgomery—186 Ind. 384.

There being no reversible error shown in the record, the judgment is affirmed.

NOTE.—Reported in 114 N. E. 869.   See under (1) 26 Cyc 979; (8) 26 Cyc 1230; 26 Cyc 1181.