WHEELER ET AL. *v.* STAFFORD.

[No. 15,360. Filed March 3, 1937.]

*S. K. Ruick,* for appellants.

*Harry D. Hatfield,* for appellee.

DUDINE, J.—Appellee instituted this action against appellants and Charles W. Harper and Jacob R. Harper to recover a $400.00 commission for the sale of real estate owned by them, and for the cost of an abstract paid out by appellee in connection with the sale. Charles W. Harper and Jacob R. Harper, brothers of appellants, lived in California. Service was not had upon the brothers.

The complaint was in one paragraph. Appellants filed a demurrer to the complaint, which demurrer was overruled, and thereafter appellants filed a motion to make

the complaint more specific, which motion was overruled. Thereafter appellants filed an answer in general denial.

The cause was submitted to the court for trial without a jury. Request therefor having been duly made, the court made a special finding of facts numbered one to seven, and stated conclusions of law favorable to appellee, and rendered judgment in his favor against appellants in the sum of $435.00.

Appellants filed a motion for new trial which was overruled.

On appeal appellants assign errors as follows: (1) Error in overruling appellants' motion to make the complaint more specific; (2) error in overruling appellants' demurrer to the complaint; (3) error in overruling appellants' motion for a new trial; (4) error in each of the conclusions of law.

Said last assigned error is not discussed in appellants' brief, and it will therefore be deemed waived.

Appellant does not discuss any of the assigned causes for new trial, under the heading of propositions and authorities. He does discuss some of said assigned causes generally and jointly in the argument of his brief, but does not discuss or consider any of them "separately . . . by separately numbered or lettered points and authorities" as required by Rule 21, clause sixth, of this court. We hold that no points are presented in support of the alleged error in overruling the motion for new trial.

Appellants' brief states several propositions of law in support of the alleged error in overruling the demurrer to the complaint. These propositions of law are followed with authorities, but no application is made of the propositions to the instant case. Said alleged error is therefore deemed waived for failure to

discuss it under points and authorities as required by Rule 21, *supra.* *Goshen Milling Co.* v. *Bailey* (1917), 186 Ind. 377, 114 N. E. 869.

With reference to the alleged error in overruling appellants' motion to make the complaint more specific, it is sufficient to note that it does not appear that appellants were harmed by said ruling. *Terre Haute, etc., Traction Co.* v. *McDermott* (1924), 82 Ind. App. 134, 144 N. E. 620; *B. & O. S. W. R. R. Co.* v. *Beach* (1930), 99 Ind. App. 672, 168 N. E. 204.

No reversible error having been shown, the judgment is affirmed.