SOUTHERN IND. GAS AND ELECTRIC CO. *v.* RITZERT ET AL.

[No. 867S66. Filed October 14, 1968.]

*Fred P. Bamberger,* of Evansville, for appellant.

*Locke, Reynolds, Boyd & Weisell,* and *Don Hendrickson,* of Indianapolis, for appellees, Richard E. and Veronica V. Ritzert.

*Frank M. Fish,* of Evansville, for appellee Evansville Federal Savings and Loan Association.

PER CURIAM.—This is an action brought by the appellant against the appellees, for the purpose of acquiring, pursuant to the power of eminent domain, an easement for an underground natural gas transmission pipeline over and across

certain lands of the appellees. After trial before a jury in the Warrick Circuit Court on the sole issue as to the amount of damages sustained by the appellees, a verdict in the sum of $1,925.00 was returned by the jury on April 4, 1967.

Appellant claims the trial court erred in giving instruction No. 13 over appellant's objection, refusing to give tendered instruction No. 8, and finally that the trial court erred in giving instruction No. 10 over appellant's objection.

Instruction No. 13 is taken verbatim from the Indiana Pattern Jury Instructions prepared by the Indiana Judges Association, and is as follows:

> "The past or present use to which land is put is not the only criterion to be considered in determining its value. The adaptability of the land to another use may be considered by you if such matters were brought out in the evidence.
>
> "In determining the amount of compensation which defendants are entitled to recover as a result of the taking, you may consider the highest and best use to which the property is adaptable."

There is no dispute that the instruction correctly states the law. See *Ohio Valley Railway and Terminal Co.* v. *Kerth,* (1892), 130 Ind. 314, 30 N. E. 298, and *Muncie and P. Traction Co.* v. *Hall* (1910), 173 Ind. 292, 90 N. E. 312.

The record indicates there was evidence of the existence of a pond or pool, shade trees and coal on the land which the jury would be entitled to consider to determine the loss to the land holders by the condemnation. It is within the province of the jury as the trier of facts to determine from the evidence the adaptability of the land to any use which the evidence might indicate regardless of the fact that no witness testified as to such specific use as a conclusion from the evidence.

Plaintiff's instruction No. 8 is set forth as follows:

> "You are instructed that under the evidence introduced in this cause the highest and best use of the lands of Richard E. Ritzert and Veronica V. Ritzert, on ——, 196—,

and during the immediate future thereafter, was for agricultural purposes and that you should, therefore, not consider any use other than for agricultural purposes."

This would, in fact, take from the jury any consideration for the land except agriculture contrary to the record of the trial court.

Finally, court's instruction No. 10 is set forth as follows:

"The easement over the property of the defendants was taken by the Southern Indiana Gas & Electric Company on the 2nd day of January, 1966 and you are to fix the value of the easement taken and determine the damages sustained by the defendants as of that date, plus special damages that occur from the construction."

The appellant clearly stated that the correct measure of damages in this action is (1) the fair market value of the easement, (2) the damages, if any, to the land caused by the taking, and (3) such other damages, if any, resulting from the construction of the gas pipe line by the plaintiff, citing for this purpose § 3-1706 Burns' Ind. Stat; *State* v. *Lincoln Memory Gardens* (1961), 242 Ind. 206, 177 N. E. 2d 655; *State* v. *Stabb et al.* (1948), 226 Ind. 319, 79 N. E. 2d 392. The appellant further points out that the court's instruction No. 1 covered the elements of damages set forth above.

It is the opinion of this court that instruction No. 10, *supra*, given by the court is redundant and would not improperly mislead the jury, and is not speculative, since there was evidence on the point of damages which occurred from the construction.

This Court, however, finds that the court did not err in the giving of its instructions No. 13 and No. 10, *supra*, nor in its refusal to give plaintiff's instruction No. 8, *supra*.

The judgment of the trial court is affirmed.

NOTE.—Reported in 240 N. E. 2d 808.